UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CARLOS VIGUERA,

                Plaintiff,                07 Civ. 7227 (AKH) (AJP)

    -against-


BELLEVUE HOSPITAL,

                Defendant.
--------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO FILE AMENDED
AND SUPPLEMENTAL COMPLAINT**

                              ROOSEVELT SEYMOUR
                              *Attorney for Plaintiff*
                              175 Remsen Street, Suite 602
                              Brooklyn, New York 11201
                              (718) 802-0055

## TABLE OF CONTENTS

Table of Authorities………………………………………………………………………*ii*

Preliminary Statement……………………………………………………………………1

Facts………………………………………………………………………………………3

Argument…………………………………………………………………………………3

Conclusion……………………………………………………………………………….. 7

Documents Submitted in Support of Motion

The following documents are submitted in support of the motion:

Declaration of Roosevelt Seymour, dated February 14, 2008

Exhibit 1, *Pro Se* Complaint of Carlos Viguera, dated August 17, 2007

Exhibit 2, E.E.O.C. charge of Carlos Viguera , filed December 6, 2006

Exhibit 3, E.E.O.C. Dismissal and Notice-Of-Rights, dated May 31, 2007

Exhibit 4, E.E.O.C. charge of Carlos Viguera, filed on January 31, 2008

Exhibit 5, Plaintiff's Proposed Amended and Supplemental Complaint, dated January 29, 2008

# TABLE OF AUTHORITIES

Cases

*Cohen v. Reed* 868 F. Supp. 489 (E.D.N.Y. 1994)……………………………….…..4

*Consolidated Fields PLC v. Anglo Am Corp. of S. Africa Ltd.* ,713 1455
 (S.D.N.Y. 1989)………………………………………………………………….… 5

*Forman v. Davis,* 371 U.S. 178, 83 S. Ct. 227,  9 L.Ed.222(1962)……………….….3

*Gardner v. Southern Railway Systems* 675 F. 2d. 949 (7th Cir. 1982)………………….5

*Howard v. Kerr Glass Mfg. Co.* 669 F. 330 (6th Cir. 1983)……………………………  6

*Kahn v. General Motors Corp.*  865 F. Supp. 210 (S.D.NY. 1994) …………………….4

*Novak Broadcasting v. National Broadcasting Co.* 724 F. Supp. 141 (S.D.N.Y.)….…..5

*Picotel v. Community Car Ctr. Of Third Ward
Inc. ,*901 F. Supp. 588 (W.D.N.Y. 1995)……………………………………………..…4

*State Teachers Retirement Board v.  Fluor Corp.* 664 F. 2d. 843 (2nd. Cir. 1981)………3

*Young v. Town of Fallsburg Police Dep't,* 774  F. Supp. 205
 (S.D.N.Y.1991) )………………………………………………………………………..4

*Zenith  Radio Corp. v. Hezeltime Research Inc. ,* 401 U.S. 321,
91 S. Ct. 795, 28 L. Ed. 77 (1971)……………………………………………………3

Statutes

42 U.S.C. § 2000(e)  *et. seq*……………………………………………………………...5

 28 U.S.C. §2702 *et. seq*...…………..……………………………………………….…..3

 New York Executive Law § 296 *et. seq/*...………………………………………………4

New York City Administrative Code § 8-107 *et. seq.* ….…………………………….…4

**PRELIMNARY STATEMENT**

Plaintiff, Carlos Viguera, brings the instant motion seeking leave pursuant to Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure to file an Amended and Supplemental Complaint. Mr. Viguera, a Senior Planning Analyst with the New York City Health and Hospital Corporation, commenced this employment discrimination action by filing a *pro se* complaint with the Clerk of the Court on August 17, 2007, alleging that his employer the New York City Health and Hospital Corporation had subjected him to disparate treatment and retaliation for engaging in protected activity.

Attorney Roosevelt Seymour filed a Notice of Appearance on Mr. Viguera's behalf on November 21, 2007. At the Initial Conference held on January 18, 2008, plaintiff's counsel advised the Court that Mr. Viguera wanted to amend his complaint to set forth claims arising from the sexual harassment he had been subjected to by his supervisor since filing his *pro se* complaint. At the close of the conference, the Court issued a Case Management Plain directing, *inter alia,* that plaintiff's counsel serve on defendant's counsel the proposed amended complaint by February 1, 2008, and that defendant's counsel thereafter inform plaintiff's counsel whether she had any objection to its filing.

On February 1, 2008, plaintiff's counsel served on defendant's counsel a proposed Amended and Supplemental Complaint which detailed the sexual harassment to which Mr. Viguera was subjected by his supervisor Ana Blanco. Ms. Blanco's conduct included sending Mr. Viguera sexually explicit text messages and e-mails in the workplace. Plaintiff's counsel provided copies of these text messages and e-mails to

defendant's counsel as part of plaintiff's initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Defendant's counsel informed plaintiff's counsel by e-mail on February 5, 2008 that she would not consent to the filing of plaintiff's proposed Amended and Supplemental complaint because it contains matters that were neither included in the charge he filed with the Equal Employment Opportunity in 2006 or his *pros se* Complaint. The instant motion thus follows from defendant's refusal to consent to the filing of the Amended and Supplemental Complaint.

It will be argued in this memorandum that courts favor disposition of claims on their merits, and consequently grant liberal leave to parties to amend their pleadings. In addition, it will be further argued that defendant will suffer no prejudice by the addition of the sexual harassment claim to the action at this time insofar as it will have ample opportunity to conduct further discovery on the issue.

## FACTS

The relevant facts in this matter are set forth in the Declaration of Roosevelt Seymour.

## ARGUMENT

### Amendment and Supplement of Pleadings to be Liberally Granted

Rule 15 (a) of the Federal Rules of Civil Procedure authorizes a district court to grant a party leave to amend its pleading in circumstances where it can no longer amend as of right and the adverse party is unwilling to give written consent. The rule states that "leave shall be freely given when justice so requires. Fed. R. of Civ. Pro. 15 (a). In *Forman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 222 (1962), the Supreme Court stated that leave to amend pleadings should normally by permitted and that refusal to grant leave without justification goes against the spirit of the Federal Rules. Similarly, in *Zenith Radio Corp. Hazwltime Research, Inc.,* 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed. 77(1971) the high court stated that a district court is required to grant amendments freely, and it is an abuse of discretion to deny leave to amend if the denial is not based upon a valid ground.

Courts generally deny leave to amend only where the amendment will result in undue prejudice to the other party, is unduly delayed, is offered in bad faith or for a dilatory purpose, or the amending party had sufficient opportunity to state a claim and failed. *See e.g. State Teachers Retirement Board v. Fluor Corp.* 654 F. 2d. 843 (2nd Cir. 1981).

Courts apply the same liberal principles relating to amendment of pleadings under Rule 15(a) when deciding whether to grant a party leave to serve a supplemental

pleading setting forth transactions that occurred subsequent to the filing of the first pleading, as provided by Rule 15(d). *See e.g. Kahn v. General Motors Corp.* 865 F. Supp. 210, (S.D.NY. 1994) *aff'd in part, rev'd in part on other grounds,* 135 F. 3d 1472 (2nd Cir. 1998.) *see also Picoted v. Community Child Care Ctr. Of Third Ward, Inc.* 901 F. Supp. 588, 595 n.6 (W.D.N.Y. 1995.)  As in cases relating to amendments under Rule 15(a), the courts place the burden on nonmovant to show why leave should not be granted to a party to supplement its pleadings pursuant to 15(d). *see eg. Cohen v. Reed* 868 F. Supp. 489, 497 (E.D.N.Y. 1994) (burden on nonmovant to show bad faith, futility, or undue prejudice before court will deny leave to supplement)

In the case at bar, plaintiff's proposed Amended and Supplemental complaint does not dramatically change the nature of the action nor does it appear that it will cause undue prejudice the defendant. Firstly, it drops Bellevue Hospital as defendant and replaces it with the New York City Health and Hospital. Courts freely permit parties amend their pleading to substitute the appropriate governmental entity. *See e.g. Young v. Town of Fallsburg Police Dep't* 774 F. 311, 208 n2. (S.D.N.Y). The proposed pleading also joins Mr. Viguera's supervisor, Ana Blanco, as a defendant in the action. Ms. Blanco, Mr. Viguera alleges, subjected him to sexual harassment. The facts which form the basis of this claim are set forth in paragraphs 17 through 35 of the proposed Amended and Supplemental complaint. He brings his claims for sexual harassment against Ms. Blanco under New York Executive Law 296 *et. seq.* and New York City Administrative Code § 8-107 *et. seq.* (Plaintiff's Third, Fourth, Fifth and Sixth Claims for Relief).

4

Court generally permit parties to supplement their pleadings to assert additional claims based upon events occurring after the filing of original complaint. *see Novak v. National Broadcasting Co.,* 724 F. Supp. 141, (S.D.N.Y. 1989) (court allowed motion to amend complaint alleging additional copyright claims, but characterized the request as Fed. R. Civ. P. 15(d) motion to supplement, since additional claims involved events that occurred after filing of original complaint. *see also Consolidated Fields PLC v. Anglo Am. Corp. of S. Africa Ltd.* 713 1455 (S.D.N.Y. 1989) (court allowed filing supplemental complaint alleging additional securities law violations, because new information involved was sufficiently related to the original complaint.) .

In the case before the Court, plaintiff's counsel has provided defendant with copies of the text messages and e-mails evidencing the sexual harassment to which Mr. Viguera was subjected by Ms. Blanco in his initial disclosure pursuant to Rule 26 (a)(1). At this juncture in the lawsuit defendant will have ample opportunity to conduct additional discovery on the facts underlying these claims. It is therefore difficult to see how defendant will be prejudiced by the addition of these claims to the lawsuit at this time.

The remaining factual allegations set forth in plaintiff's proposed Amended and Supplemental Complaint are merely an amplification of facts he previously pleaded in his s *pro se* complaint. The new pleadings eliminates race and nationality as a discriminatory basis and limits plaintiff's claims to gender discrimination and retaliation. These claims are asserted against HHC under Title VII, the New York Executive Law, and New York Administrative Code . Courts generally permit amendment to amplify previously alleged claims or defenses , *e.g. Gardner v Southern*

5

*Railway Systems,* 675 F. 2d  949  7th Cir. 1982), to  state additional claims, *see e.g. Howard v. Kerr Glass Mfg. Co.,* 669 F. 2d.  330 (6th Cir. 1983), or change the form or nature of claims stated *e.g. Roth Stee. Products v. Sharron Steel Corp.* 705 F. 2d. 134 (6th Cir. 1983).

       It evident therefore that none of  the amendments proposed in plaintiff's Amended and Supplemental Complaint will significantly  change the nature of the action, bring about  undue  delay, or otherwise  prejudice defendant's  ability to prepare its defense.  What is more,  the  presentation of all of plaintiff's claims against the defendants in one action will facilitate  the efficient use of  judicial  resources by bringing about the  resolution of  all  outstanding issues between the parties.

**CONCLUSION**

For the foregoing reasons plaintiff respectfully request that the foregoing motion be granted permitting plaintiff to file the Amended and Supplemental Complaint.

Dated: Brooklyn, New York
February 13, 2004

/s/
_____
ROOSEVELT SEYMOUR
175 Remsen Street, Suite 602
Brooklyn, New York 11201
(718) 802-0055

To: Kami Barker, Esq.
The Corporation Counsel of
The City of New York
100 Church Street
New York, New York 10007

7