07 Civ 7227 (AKH) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS VIGUERA,

Plaintiff,

- against -

BELLEVUE HOSPITAL,

Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND SUPPLEMENT COMPLAINT

## MICHAEL A. CARDOZO

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:   Kami Z. Barker
Tel:          (212) 788-1202

City No.: 2007-027449

## PRELIMINARY STATEMENT

Defendant Bellevue Hospital ("Bellevue"), respectfully submits this brief in opposition to plaintiff's motion for leave to amend and supplement his complaint. Plaintiff's motion, coming seven months after the commencement of this Title VII case, should be denied for lack of subject matter jurisdiction.[1]

First, plaintiff seeks leave to allege sexual harassment by a co-worker, Ana Blanco. However, plaintiff has never received a right-to-sue letter from the EEOC for a charge of discrimination concerning the alleged conduct of Ana Blanco. Accordingly, the Court has no jurisdiction over these claims, and plaintiff's motion to amend and supplement must be denied.

Finally, plaintiff's amended and supplemental complaint is futile because it fails to state a cause of action. First, the acts plaintiff alleges Ms. Blanco committed are neither severe nor pervasive and therefore do not rise to the level of actionable sexual harassment. Second, plaintiff has never filed an internal complaint with defendant complaining of Ms. Blanco's alleged sexual harassment. Therefore, even if plaintiff could prove a hostile work environment, defendant cannot be held liable for Ms. Blanco's actions because plaintiff cannot prove that defendant either failed to provide a reasonable method of complaining about the alleged conduct, or that defendant knew of the harassment, but did nothing about it.

---

[1] Unless otherwise indicated, "Title VII" refers to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq., "EEOC" refers to the United States Equal Employment Opportunity Commission, and "Rule" refer to the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff, an employee of Bellevue, in his initial complaint, claims discrimination and retaliation allegedly occurring from 2003 to present date. On January 30, 2004, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR") alleging "sexual harassment." A copy of the 2004 SDHR charge is annexed hereto as Appendix "A." Plaintiff complained that he was being sexually harassed by Edie Coleman and Maria del Pilar Ruiz. On March 31, 2006, the SDHR found no probable cause. A copy of the SDHR decision is annexed hereto as Appendix "B." Thereafter, on May 23, 2006, the EEOC adopted the SDHR determination. A copy of the EEOC's decision is annexed hereto as Appendix "C."

On December 6, 2006, plaintiff filed a second charge of discrimination with the EEOC. A copy of the 2006 charge is annexed hereto as Appendix "D." In his charge, plaintiff alleges that defendant discriminated against him on the basis of race, sex, national origin and age and retaliated against him[2]. While plaintiff accuses several Bellevue employees of sexual harassment, he does not accuse Ana Blanco of any such transgression. On May 31, 3007, the EEOC issued plaintiff a right-to-sue letter. A copy of the right-to-sue letter is annexed hereto as Appendix "E."

On August 14, 2007, plaintiff commenced the instant Title VII action by filing a complaint, dated August 14, 2007 ("Complaint"). A copy of the Complaint is annexed hereto as Appendix "F." Plaintiff, in his 61-page Complaint, pleads at length the allegations of discrimination, retaliation and sexual harassment. However, he does not allege that Ms. Blanco ever sexually harassed him. In fact, plaintiff only mentions of Ms. Blanco's name in his

---

[2] Plaintiff is now withdrawing all claims of discrimination based on race, national origin, and age. See Declaration of Roosevelt Seymour at ¶ "13."; see plaintiff's proposed amended and supplemental complaint at ¶ "1." Thus, the proposed amended and supplemental complaint alleged only discrimination based on gender, sexual harassment, and retaliation.

complaint is as a comparator; he notes that she received an excellent evaluation and was given a supervisory position.

On October 22, 2007, defendant served its answer to the Complaint. A copy of defendant's answer, dated October 22, 2007, is annexed hereto as Appendix "G." On January 18, 2008, an initial pre-trial conference was held.

On January 31, 2008, in compliance with the case scheduling order, parties exchanged initial disclosures. A copy of plaintiff's initial disclosures ("P's Initial Disc.") is annexed hereto as Appendix "H." In plaintiff's initial disclosures, plaintiff provides as evidence of Ms. Blanco's sexual harassment, the following documents: 1) an email from Ms. Blanco to several recipients, including plaintiff, dated July 11, 2007, 2) an email of a photograph purporting to be Ms. Blanco and 3) one other email from Ms. Blanco to plaintiff. See P's Initial Disc., Exhibit "H," at P 006 to P 029.

Plaintiff now moves to amend and supplement his complaint to add Ms. Blanco as a defendant and claims Ms. Blanco sexual harassed him. Plaintiff alleges that, *inter alia*, he was "bombarded" by sexually explicit e-mails, including one with a "provocative" photo of Ms. Blanco posing next to her bed. See Proposed Amended and Supplemental Complaint annexed to Declaration of Roosevelt Seymour as Exhibit "5," at ¶¶ 28-29. These allegations are not included in his initial complaint or EEOC charge of discrimination, or, for that matter, even in the 2004, SDHR charge. Nor is Ms. Blanco listed as a potential defendant or even listed as a wrong-doer in either the 2004 or 2006 charge.

Plaintiff alleges that he has filed an EEOC charge of discrimination for the allegations against Ms. Blanco. However, he does not allege that he has received a right-to-sue letter on these charges. Furthermore, plaintiff does not allege that he has ever filed an internal

complaint with defendant regarding the accusations against Ms. Blanco. In fact, defendant has never received an internal complaint from plaintiff alleging harassment from Ms. Blanco.

## ARGUMENT

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT IS FUTILE.

### A.    Standard of Review.

Rule 15(a) instructs that leave to amend complaints should be "freely given." However, leave to amend a complaint cannot be granted if the proposed amendment is futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. See S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979); Respass v. New York City Police Dep't, 852 F. Supp. 173 (E.D.N.Y. 1994). The standard for the exercise of discretion on a motion to supplement pleadings under Rule 15(d) is generally the same as that for a motion to amend a complaint under Rule 15(a). See Katzman v. Sessions, 156 F.R.D. 35, 37-38 (E.D.N.Y. 1994). Here, plaintiff's request for leave to file an amended and supplemental complaint to assert new Title VII claims should not be granted because plaintiff failed to meet the prerequisites for filing a Title VII claim in federal court, that is, he has failed to file an administrative charge that encompasses the new claims. Further, plaintiff's proposed amended and supplemental complaint fails to state a cause of action.

### B.    The Court Lacks Subject Matter Jurisdiction.

A timely filing of a charge of discrimination with the EEOC is a prerequisite for any action under Title VII. 42. U.S.C. § 2000e-5(f)(1); Butts v. New York City Department of Housing Preservation and Development, 990 F.2d 1397, 1402-03 (2d Cir. 1993); Stewart v. INS, 762 F.2d 193, 198 (2d Cir. 1985). This is a matter of subject matter jurisdiction. Id. A plaintiff has 300 days from when a discriminatory act occurs to file a disparate treatment claim with the EEOC. 42 U.S.C. § 2000e-5(e)(1); AMTRAK v. Morgan, 536 U.S. 101, 109, (2002). A Title

VII claimant must also file his complaint not more than 90 days after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(f)(1); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). These latter two prerequisites function as statutes of limitations. Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982).

The Second Circuit has held that a court has jurisdiction to hear claims not included in the EEOC charge if the claims are based on conduct that occurred subsequent to filing the EEOC charge and is "reasonably related" to what was alleged in the EEOC charge. See Butts, 990 F.2d at 1401-2. A claim is "reasonably related" if it: (1) falls within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) is one alleging retaliation by an employer against an employee for filing an EEOC charge; or (3) it is carried out in precisely the same manner as the claims alleged in the EEOC charge. See id. at 1402. Thus, the Second Circuit has stated that the "central question is whether the complaint filed with the EEOC gave the agency adequate notice to investigate discrimination" under Title VII. See Williams v. N.Y. City Hous. Authority, 458 F.3d 67, 70 (2d Cir. 2006) (internal citations omitted).

In the instant case, plaintiff's 2006 EEOC charge did not give the agency any notice of Ms. Blanco's alleged misdeeds. Nor did the 2004 SDHR charge. The basis of plaintiff's 2006 EEOC charge and his Complaint is, inter alia, sexual harassment committed by various current and prior employees of defendant, not including Ms. Blanco. Ms. Blanco was not named as a wrong-doer and was not the subject of the 2006 EEOC charge. Thus, the EEOC would not have investigated the interactions between plaintiff and Ms. Blanco and this would not have been within the scope of the investigation of the 2006 charge. However, in the proposed amended and supplemental complaint, plaintiff asserts new sexual harassment claims against Ms.

Blanco under Title VII and names her as an individual defendant.[3]  See Proposed Compl.
annexed to Declaration of Roosevelt Seymour as Exhibit "5," at ¶¶ 17-35.  Specifically, plaintiff
alleges that beginning no later than August 3, 2007, well after the EEOC charge filing, Ms.
Blanco sexually harassed him.

Defendant respectfully submits that the alleged sexual harassment by one
individual is not "reasonably related" to the alleged sexual harassment by another.  Moreover,
alleged sexual harassment that began after the EEOC filing cannot be "reasonably related" to the
allegations in such filing.  Accordingly, plaintiff's motion must be denied as the Court has no
jurisdiction over Ms. Blanco or plaintiff's additional claims.

**C.    Plaintiff Fails to State a Cause of Action.**

To establish the existence of a hostile work environment, a plaintiff must show
that his workplace is permeated with "discriminatory intimidation, ridicule, and insult . . . that is
sufficiently severe or pervasive to alter the conditions of the victim's employment and create an
abusive working environment."  Harris v. Forklift Systems, 510 U.S. 17, 21 (1993)(internal
quotations and citations omitted).  The conduct at issue must be "so severe or pervasive as to
create an objectively hostile or abusive environment, and where the victim subjectively perceives
the environment to be abusive."  Richardson v. New York State Dep't of Correctional Services,
180 F.3d 426, 436 (2d Cir. 1999); see also Harris, 510 U.S. at 21.  While the Second Circuit
"allows a combination of seemingly minor incidents to form the basis of a constitutional
retaliation claim once they reach a critical mass," "[i]ncidents that are relatively minor and
infrequent will not meet the standard" for a hostile environment.  Phillips v. Bowen, 278 F.3d
103, 109 (2d Cir. 2002).

---

[3] We note that individuals cannot be sued under Title VII.  See Tomka v. Seiler, 66 F.3d 1295,
1313 (2d Cir. 1995).

Where, as in this case, a plaintiff alleges harassment by a co-worker, she must not only prove there was a hostile work environment, but a specific basis for imputing the conduct to the employer.  See Distasio v. Perkin Elmer Corp., 157 F.3d 55 (2d Cir. 1997); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 715 (2d Cir. 1996).  An employer will only be held liable for its own culpable conduct and not harassment by co-workers.  See Faragher v. City of Boca Raton, 524 U.S. 775, 789 (1998).  Even if plaintiff proves a hostile work environment, the employer will only be liable if plaintiff also proves that the employer either failed to provide a reasonable method of complaining about the alleged violative conduct, or if the employer knew of the harassment, but did nothing about it.  See Distasio, 157 F.3d at 63 (citing Murray v. New York Univ. College of Dentistry, 57 F.3d 243, 249 (2d Cir. 1995)).

Even if plaintiff's allegations made in the amended and supplemental complaint are considered true, they do not rise to the level of a hostile work environment.  Plaintiff complains that he was "bombarded" by sexually explicit emails from Ms. Blanco.  See Proposed Amended and Supplemental Complaint annexed to the Declaration of Roosevelt Seymour, dated February 14, 2008 ("Seymour Decl.") as Exhibit "5," at ¶ 29.  In support of this assertion, plaintiff submits two emails in his initial disclosures.  See P's Initial Disc., Appendix "H," at p 006 -013; 016-029.  These emails do not rise to a level of severe or pervasive.  Further, plaintiff alleges that Ms. Blanco emailed a provocative photograph of herself.  See id. at ¶ 28.  Plaintiff produced this photograph in his initial disclosures.  See P's Initial Disc., Appendix "H," at P014-015 and P 029.  This photograph depicts an elegantly dressed woman.  No reasonably objective observer would consider the photograph provocative.  To consider it provocative would cross the line from prudish to delusional.  Harris, 510 U.S. at 21-22 (conduct must be objectively severe or pervasive); Demoret, 451 F.3d at 149.  Such events are not "sufficiently severe or pervasive to

alter the conditions of the victim's employment and create an abusive working environment." Accordingly, such events do not create a hostile work environment.

Moreover, plaintiff never even complained to Bellevue about Ms. Blanco. Therefore, even if plaintiff could prove a hostile work environment, defendant cannot be held liable for Ms. Blanco's actions because plaintiff cannot prove that defendant either failed to provide a reasonable method of complaining about the alleged violative conduct, or that defendant knew of the harassment, but did nothing about it. See Distasio, 157 F.3d at 63 (citing Murray v. New York Univ. College of Dentistry, 57 F.3d 243, 249 (2d Cir. 1995)).

## CONCLUSION

For all the foregoing reasons, defendant respectfully requests that this Court deny

plaintiff's motion for leave to file a proposed amended and supplemental complaint in its entirety

together with such other and further relief the Court deems just and proper.

Dated:      New York, New York
            March 10, 2008

                                    **MICHAEL A. CARDOZO**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 2-316
                                    New York, New York 10007-2601
                                    (212) 788-1202
                                    kbarker@law.nyc.gov


                        By:    _____
                                    Kami Z. Barker
                                    Assistant Corporation Counsel



**ALAN M. SCHLESINGER,**
**KAMI Z. BARKER,**
    Of Counsel

- 10 -

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                    <u>**Pages**</u>

AMTRAK v. Morgan,
    536 U.S. 101 (2002)..............................................................................................6

Butts v. New York Dep't of Hous. Preservation & Dev.,
990 F.2d 1397, 1401-2 (2d Cir. 1993), ...................................................................7

Cornwell v. Robinson
    23 F.3d 694 (2d Cir. 1994)...................................................................................7

Distasio v. Perkin Elmer Corp.,
    157 F.3d 55 (2d Cir. 1997)...................................................................................9

Faragher v. City of Boca Raton,
    524 U.S. 775 (1998)............................................................................................9

Foman v. Davis,
    371 U.S. 178 (1962)............................................................................................6

Harris v. Forklift Systems,
    510 U.S. 17 (1993)..............................................................................................8

Katzman v. Sessions,
    156 F.R.D. 35 (E.D.N.Y. 1994)...........................................................................6

Murray v. New York Univ. College of Dentistry,
    57 F.3d 243 (2d Cir. 1995)...........................................................................9, 10

Phillips v. Bowen,
    278 F.3d 103 (2d Cir. 2002).................................................................................9

Porter v. Adams,
    639 F.2d 273 (5th Cir. 1981) ..............................................................................7

Richardson v. New York State Dep't of Correctional Services,
    180 F.3d 426 (2d Cir. 1999)................................................................................9

Respass v. New York City Police Dep't,
    852 F. Supp. 173 (E.D.N.Y. 1994) .....................................................................4

S.S. Silberblatt, Inc. v. East Harlem Pilot Block,
   608 F.2d 28 (2d Cir. 1979)........................................................................................4

Stewart v. INS,
   762 F.2d 193 (2d Cir. 1985).....................................................................................7

Szabo v. Reilly,
   91 Civ. 5209 (JFK), 1994 U.S. Dist. LEXIS 1085 (S.D.N.Y. Feb. 4, 1994).............7

Van Zant v. KLM Royal Dutch Airlines,
   80 F.3d 708 (2d Cir. 1996).......................................................................................9

Williams v. N.Y. City Hous. Authority,
   458 F.3d 67 (2d Cir. 2006).......................................................................................8

## STATUTES

**Statutes**                                                   **Pages**

42 U.S.C. §§ 2000e (2007) ....................................................................................6, 7

Fed. R. Civ. P. 15(a) ..................................................................................................6

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ................................................................................................................... 5

    POINT I ...................................................................................................................... 5

           Plaintiff's Motion for Leave to supplement the
           Complaint is Futile.................................................................................... 5

           A.   Standard of Review......................................................................... 5

           B.   The Court Lacks Subject Matter Jurisdiction. ................................ 5

           C.   Plaintiff Fails to State a Cause of Action....................................... 7

CONCLUSION................................................................................................................. 10

# EXHIBIT "A"

STATE OF NEW YORK: ≠ EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
9S-E-OS-04-7943982-E

```
(State Division of Human Rights on the Complaint of)

  Carlos M. Viguera
                                              COMPLAINANT

       - against -

  N.Y.C. Health and Hospitals
  Corporation, Bellevue Hospital Cente          RESPONDENT
  and Maria del Pilal Ruiz
  (Coordinating Manager) and Edie
  Coleman  (Director) as Aider and
  Abettors
```

TITLE VII:  Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020 Grand Concourse, Bronx, NY
10460, Tel. No. (718) 293-8976, (718) - charge the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212)  562-6227 with an unlawful discriminatory practice
relating to Employment in violation of Article 15 of the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

     The particulars are:

1.    I am male, I was sexually harassed and I was discriminated
because I Opposed Discrimination.

2.    I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3.    On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4.    On January 15, 2004, I was in the restroom undressed, doing my
personal need. and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E    FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms Coleman about Ms Ruiz sexual behaviors to no avail. I do not know how Ms Ruiz managed to open the door from the outside. However, the door could be easily open from the outside with a coin.

5.    Since I complained to Ms Coleman about Ms Ruiz sexual behaviors, Ms Ruiz began to question the quality of my daily work production. I never have problems with my work performance in the past. I believe that the sole reason why Mr Ruiz is attacking my work performance is because I objected to her sexual advances.

6.    Based on the foregoing, I charge the above named respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because I Opposed discrimination and Sex in violation of the New York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E        FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

_____
(Signature of Complainant)

STATE OF NEW YORK          )  S:
COUNTY OF Kings            )

Carlos M. Viguera, being duly sworn, deposes and says; that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

# EXHIBIT "B"

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

                              Complainant

                    v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAL RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN   (DIRECTOR)
AS AIDER AND ABETTORS

                              Respondent

Federal Charge No. 16GA409174

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner. On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943992
Carlos M. Viguera v. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilar Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz. Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section. The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz. The complainant's view that this was done to sexually
harass him is not supported by the evidence. Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment. Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems. The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman  (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment.  A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back.  Again, this occurred in his office
were there were no witnesses to the alleged act.  The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges.  The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance.  During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work.  Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not.  This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant.  Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.


    The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7941982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of Kremer v. Chemical Construction Co., 456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 3/7/06
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Joyce Yearwood-Drury
Director O.S.H.I.

# EXHIBIT "C"

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carlos M. Viguera<br>1020 Grand Concourse<br>Bronx, NY 10460 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2004-09174 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

| Enclosures(s) | | |
|---|---|---|
| | Spencer H. Lewis, Jr.<br>Director | 5/23/06<br>(Date Mailed) |

cc:   N.Y.C. HEALTH AND HOSPITALS CORP
125 Worth St
Attn: Shirley Facey
New York, NY 10016

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

---

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

Complainant

v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAL RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN  (DIRECTOR)
AS AIDER AND ABETTORS

Respondent

---

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

Federal Charge No. 16GA409174

On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.  This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner.  On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz. Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section. The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz. The complainant's view that this was done to sexually
harass him is not supported by the evidence. Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment. Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems. The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment. A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back. Again, this occurred in his office
were there were no witnesses to the alleged act. The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges. The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance. During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work. Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not. This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant. Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.

The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of Kremer v. Chemical Construction Co., 456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 3/31/06
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Joyce Yearwood-Drury
Director O.S.H.I.

Page 4 of 4

STATE OF NEW YORK: EXECUTIVE DEPARTMENT            EXEC. LAW ART. 15
STATE DIVISION OF HUMAN RIGHTS                                SDHR NO:
                                                   9S-E-OS-04-7943982-E

```
+ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - +
| {State Division of Human Rights on the Complaint of}       |
|                                                            |
|   Carlos M. Viguera                       COMPLAINANT       |
|                                                            |
|           - against -                                      |
|                                                            |
|   N.Y.C. Health and Hospitals             RESPONDENT        |
|   Corporation, Bellevue Hospital Cente                     |
|   and Maria del Pilar Ruiz                                 |
|   (Coordinating Manager) and Edie                          |
|   Coleman  (Director) as Aider and                         |
|   Abettors                                                 |
|                                                            |
+ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - +
```

TITLE VII:  Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020  Grand Concourse,  Bronx, NY
10460,  Tel.  No. (718)  293-8976, (718)  - charge  the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212)  562-6227 with  an unlawful  discriminatory practice
relating to Employment in violation of Article 15 of  the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

        The particulars are:

1.    I am male, I was sexually harassed and I was discriminated
because I Opposed Discrimination.

2.    I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3.    On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4.    On January 15, 2004, I was in the restroom undressed, doing my
personal need, and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E      FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms Coleman about Ms Ruiz sexual behaviors to no avail. I do not know how Ms Ruiz managed to open the door from the outside. However, the door could be easily open from the outside with a coin.

5.    Since I complained to Ms Coleman about Ms Ruiz sexual behaviors, Ms Ruiz began to question the quality of my daily work production. I never have problems with my work performance in the past. I believe that the sole reason why Mr Ruiz is attacking my work performance is because I objected to her sexual advances.

6.    Based on the foregoing, I charge the above named respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because I Opposed discrimination and Sex in violation of the New York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

_____
(Signature of Complainant)

STATE OF NEW YORK          )  §:
COUNTY OF Kings            )

Carlos M. Viguera, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

2007

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

# EXHIBIT "D"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | 520-2007-0024 |

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)  CARLOS M. VIGUERA

HOME TELEPHONE (Include Area Code)  917-327-0541

STREET ADDRESS  1020 GRAND CONCOURSE APT 4R    CITY, STATE AND ZIP CODE  BRONX, NY, 10451    DATE OF BIRTH  1-31-50

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME  Bellevue Hosp. Cent.    NUMBER OF EMPLOYEES, MEMBERS  4,500    TELEPHONE (Include Area Code)  212-562-4729

STREET ADDRESS  562-1st Ave    CITY, STATE AND ZIP CODE  NY, NY 10016    COUNTY  NY

NAME  Sybil NURSE-Reeves    TELEPHONE NUMBER (Include Area Code)  562-2400

STREET ADDRESS  562-1st Ave 2M    CITY, STATE AND ZIP CODE  NY 10016    COUNTY  NY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☑ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☑ NATIONAL ORIGIN
☑ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                    LATEST

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Current Retaliation because I File Complaint with NYS EEOC. I previous History of Descrimination

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Carlos M. Viguera

Date 12/6/06    Charging Party (Signature)

NOTARY — When necessary to meet State and Local Requirements

MINNA R. YELLIN
Notary Public, State of New York
No. 01YE5015385
Qualified in Kings County
Commission Expires 7/19/___    Minna R. Yellin

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Carlos M. Viguera

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)  6 12 06

EEOC FORM 5 (REV. 3/01)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall Street, 5th floor
New York, NY 10004
PHONE – (212) 336-3620
FAX – (212) 336-3625

# INTAKE QUESTIONNAIRE

[Please type or print legibly]

Date: _12-6-06_

Your name: Mr (✓) Ms. ( ) _CARLOS M VIGUERA_

Date Of Birth: _1/31/50_

Address: _1020 Grand Concourse_ City: _BRONX, APt 4R_
County: _Bronx_ State: _NY_ Zip Code: _10451_
Home phone: _917-327-05__ Best time to call: _ANYTIME_
Work phone: (212) _562-225_ Best time to call: _8 - 4 PM_
Email _CARLOSVIGUERA@JUNO.COM_

**Employer or organization that you charge with discrimination:**

Name: _Bellevue Hospital Center_
Address: _562 1st Ave._ City: _New York_ State: _NY_
Zip Code: _10016_ Phone (with area code): _212 - 562- 4729_

What type of business does the employer engage in? _Health Care Service_

Number of employees:( ) 1- 14 ( ) 15 - 100 ( ) 101 - 500 (✓ over 500 ( ) unknown

Job title: _Sr. Health Care Program Planner Analyst_ Date hired: _MAY 1989_

Salary/Wage: _$75,000.00_
Name of immediate supervisor: _Sybil Nurse - Reeves & Irene Quinones_
Supervisor's Title: _Deputy Director Social Work Department_
Unit, department or division: _Social Worker Dept & Cultural Competency_
Number of employees in department or division: _5_
Number of employees with the same job title: _NONE_

- 2 -

**How have you been harmed?**

( ) Not hired
( ) Promotion
( ) Transfer
( ) Leave
( ) Pay
( ) Discipline

( ) Discharge
( ) Layoff
( ) Retirement
( ) Benefits
(✓) Harassment
(✓) Sexual harassment

(✓) Demotion
( ) Other terms of
     employment
( ) Accommodation
(religion or disability)
( ) Other

Date of Harm: _____ *up until 12/5/06* _____

**I believe that I was discriminated against on account of:**

(✓) Race: _____

( ) Color: _____

(✓) National Origin: _____

(✓) Gender: (✓) Male ( ) Female

(✓) Age (40 years or over)

( ) Pregnancy

( ) Religion: _____

( ) Disability

(✓) Retaliation for having complained about discrimination.

If you believe you were discriminated against because of a disability, state:

Brief description of disability: _____

How long the disability will last: _____

How the disability limits you in essential daily activities (such as breathing, concentrating, sleeping, seeing, walking, lifting, and so on):

_____

_____

_____

- 3 -

**Please give a brief description of your complaint and why you feel you were discriminated against:** TOGETHER with the current Retaliation

As a member of Bellevue Hospital Center (BHC) I filed a complaint. EEOC charge # 16g-2004-09174 with the State of New York EEOC (which I feel that New York State EEOC missed handle). Since I filed the complaint against Bellevue for gender, sexual harassment, assault by my supervisor, Age & ethnic discrimination, Bellevue has been transferring me from one Department to another. In every Department I have been harassed. It started with Ms Edie Coleman & Ms. Maria Ruiz in the Grant Reporting Department, And is now taking place with Ms. Irene Quinones, Sybil Nurse-Reeves and Ms. Irene Torres.

Ms. Irene Quinones verbally degraded me & psychologically abused me by taking all my Responsibility away because I asked her not to abuse me. ~~Then she has I. Quinones said to me that I was asking her not to mistreat.~~ When I asked Ms. Quinones not to mistreat me, she said that I was asking her that because she was a woman & I was a man. And she started to wave her head & point at me with her finger in a very threatening manner. Then, because I did not want to come out of the Labor Union, she took my Supervisor responsibilities away & made me a Client Navigator & Navigator Stand in Front of Hospital Main Entrance all day long, give Directions & push wheel chairs, client navigator is not my title. My Title is Sr. health care program Planning Analyst which is a much higher Civ—

Given me the job Evaluation and needs Improving in the Every Category Indicated NEGATIVE. In the Evaluation discriminated me because of my SPANISH Dominican Republic ACCENT. In the Evaluation MS. Quinones Critized my verbal ACCENT in writing. MS. Quinones is From PUERTO RICO, MS. IRene torres her boss is From Puerto RICO & MS. Sybil NURSE-Reeves is AFRICAN AMERICAN. I was assisting MS. Quinones. I was a JACK OF ALL TRAY in the Department. I was Guiding, MS. ANA BLANCO & MS. JIN MA the other two members of the Department And Both MS. BLANCO & MS. MA obtained a perfect Evaluation. I have a MASTER degree (MPA, From NYU) & I have 28 YEARS OF FINANCIAL ANALYSES & Administration EXPERIENCE IN The PRIVATE & PUBLIC Sector.

Presently, MS. Sybil NURSE-Reeves has TAKEN the Leadership in the HARASSMENT & Descrimination. Every DAY at 3:30 PM Before I Leave, MS. Reeves demoralize me by needlessly Critizing my work & Picking on insignificant details. I AM NOT a Social worker, But because MS. turres made 40 Social workers Resigned, MS. Reeves has me doing a 30 DAYS ReAdmission Survey. I have to Go to All the Room & See All the SICK patient I Feel out a Form. This is not difficult, But MS. Reeves put pressure on me on numbers, that is How MANY of Survey did you referal. MS. Reeve be little me I Spot Yell 4 TIME & CHANGES the objective & Specifications forms of the Survey Every time I Have MS. Reeves See me in the Hospital Have it on MS. Wherever MS. Reeves See me in Front of People

ALSO IN MY LUNCH HOUR.

Identify any witnesses who will provide evidence to support your allegations:

Name: Ms Ana Blanco     Name: Ms. Yessenia Torres     — Grand Agent Dept

Home phone: (347) 623-8799     Home phone: (718) 545-1281

Work phone: (212) 562-2404     Work phone: (  )_____

Address: _____     Address: _____

☀ Ms. Safira Simmons is Another Witness

Nature of the evidence they will provide:

He will provide Eye witness of Mistreatments of Verbal Aggression, Harassment, demotion of duties, difference in treatment between Gender, Physical Assault by Supervisor, Provocation. I took Her Statement & Eyewitness of Sexual Harassment in the Rastroom

Have you sought assistance from any other State, local, or Federal government agency, union, attorney or other source? (✓ yes ( ) no

Name of source of assistance: NYCITY + New York State EEOC

Results, if any: No AVAIL. After 2 Years of a great year of Investigation, the NY State Sexual Harassment Department Change the Investigator that was

Have you filed an EEOC charge in the past?    No ____ Yes ✓    supportive of me

If yes, provide:  Date filed July 30th '4   Charge number ☞ 166-2004-09174

Organization charged Bellevue Hospital Center

Ms. Cynthia Hendeza was switched for Mr. Rodriguez. The NY State EEOC with a Burnt of Good Evidence

How did you hear about the EEOC?

[e.g., newspaper article, attended EEOC seminar, radio/TV (when, what station), friend/relative, lawyer, union, government agency]: _____

From Ms. Tanya Taylor + Ms. Yessenia Torres who are also file a complaint in your Agency, Also Against Ms. Eddie Colomon & Bellevue.

NYSEEO Sided with Bellevue Hospital Center

-5-

I did not Pursue the lawsuit with FED

I wanted to stop Harassment because I did not have money...

Provide the name of an individual at a different address whom we can contact if we are unable

to reach you:

Name: _CARMEN VIGUERA_

Address: _8600 ShoreFront PARKWAY, FAR Rockaway_
_APT 7M_ _Queens, N.Y_

Relationship: _Sister_

Phone: (718) _945 - 1376_

## Filling out this form does not constitute filing a charge

**Attach copies of any documents you believe would support your discrimination claim**

## IMPORTANT NOTE:

(This form is covered by the Privacy Act of 1974, Public Law 930575. Authority for requesting the personal data and the uses thereof are given below.)

FORM NUMBER/TITLE/DATE:EEOC FORM 233, INTAKE QUESTIONNAIRE.

AUTHORITY:42 U.S.C. 2000e-5(b), 29 U.S.C. Section 626.

PRINCIPAL PURPOSE: The purpose of this questionnaire is to solicit information to enable the Commission to avoid the intake of matters not within its jurisdiction.

ROUTINE PURPOSES: Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over potential charges, complaints or allegations of employment discrimination and to provide such pre-charge filing counseling as is appropriate. Information provided on this form may be disclosed to other state, local and federal agencies as may be appropriate or necessary to carry out the Commission's functions. This would include employment practices laws. Information may also be disclosed to Charging Parties in consideration of or connection with litigation.

WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

**Keep a copy of your completed questionnaire and other documents that you send**

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct

to the best of my knowledge.

Date: _12/6/06_

Signature: _Carlos M. Viguera_

Print name: _CARLOS M. VIGUERA_

-6-

# EXHIBIT "E"

BELLEVUE H.R. DEPT.     Fax 212-562-6137     Aug 27 2007 02:23pm  P010

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Carlos Viguera<br>1020 Grand Concourse<br>Bronx, NY 10451 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|
| EEOC Charge No. | EEOC Representative<br>William Lai,<br>Supervisory Investigator | Telephone No.<br>(212) 336-3676 |
| 520-2007-01024 |  |  |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Spencer H. Lewis, Jr._                    5/31/07
Spencer H. Lewis, Jr.,                    (Date Mailed)
Director

cc: BELLEVUE HOSPITAL CENTER
Ms. Shirley Facey, EEO Coordinator
562 1st Avenue
New York, NY 10016

# EXHIBIT "F"

(Rev. 2/5/98) Summons in a Civil Action.

# United States District Court

Southern _____ **DISTRICT OF** _____ New York

Charles M. Vigo Era

**SUMMONS IN A CIVIL CASE**

v.

CASE NUMBER:

Bellevue Hospital Center

2007-027448

**'07 CIV 7227**

**Judge Hellerstein**

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Pro Se
Carlos M. Vigvera
1020 Grand Concourse Apt. 4R
Bronx, NY, 10451

An answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AUG 1 4 2007

J. MICHAEL McMAHON

CLERK

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Hellerstein**

CARLOS M. VIGUERA

"
JURY TRIAL
DEMANDED"

_____

NAME OF PLAINTIFF(S)

v.

Bellevue Hospital Center

COMPLAINT

07 CIV 7227

AUG 1 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

_____

NAME OF DEFENDANT(S)

This action is brought for discrimination in employment
pursuant to (check only those that apply):

✓       Title VII of the Civil Rights Act of 1964, as
        codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended
        in 1972, 1978 and by the Civil Rights Act of 1991,
        Pub. L. No. 102-166) (race, color, gender,
        religion, national origin).
        *NOTE: In order to bring suit in federal district court under*
        *Title VII, you must first obtain a right to sue letter from the*
        *Equal Employment Opportunity Commission.*

        Age Discrimination in Employment Act of 1967, as
        codified, 29 U.S.C. §§ 621 - 634 (amended in 1984,
        1990, and by the Age Discrimination in Employment
        Amendments of 1986, Pub. L. No. 99-592, the Civil
        Rights Act of 1991, Pub. L. No. 102-166).
        *NOTE: In order to bring suit in federal district court*
        *under the Age Discrimination in Employment Act, you must*
        *first file charges with the Equal Employment Opportunity Commission.*

        Americans with Disabilities Act of 1990, as
        codified, 42 U.S.C. §§ 12112 - 12117 (amended by
        the Civil Rights Act of 1991, Pub. L. No. 102-166).
        *NOTE: In order to bring suit in federal district court under*
        *the Americans with Disabilities Act, you must first obtain a*
        *right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.   Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.    Plaintiff resides at:

1020 Grand Concourse 4R, Bronx
Street Address                              (call)           City          (home)
Bronx , New York , 10451 917-327-0541 or 718-293-897
County          State      Zip Code       Telephone Number

2.    Defendant(s) lives at, or its business is located at:

First Avenue + 27th Street , New York
Street Address                                     City

Manhattan , N.Y. , 10016 212-562-6881
County          State      Zip Code       Telephone Number

3.    The address at which I sought employment or was employed by the defendant(s) is:

First Avenue + 27th Street
Street Address

Manhattan , New York , New York 10016
County          City          State      Zip Code

4.  The discriminatory conduct of which I complain in this action includes *(check only those that apply)*:

_____    Failure to hire me.

_____    Termination of my employment.

_____    Failure to promote me.

_____    Failure to accommodate my disability.

__✓___    Unequal terms and conditions of my employment.

__✓___    Retaliation                                              Demotion

__✓___    Other acts *(specify)*: HARASSMENT, DISCRIMINATION

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.  It is my best recollection that the alleged discriminatory acts occurred on: SINCE to 2003 to PRESENT .
                                                            *Date*

6.  I believe that defendant(s) *(check one)*

__✓___    is still committing these acts against me.

_____    is not still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:

        *(check only those that apply and explain)*

[ ✓ ] race Dominican/H.S.A.   [ ] color _____

[ ✓ ] gender/sex Male   [ ] religion _____

[ ✓ ] national origin Dominican Republic

[ ✓ ] age 57 . My date of birth is: _____
                                        *Date*

[ ] disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8.    The facts of my case are as follows:

1) *History of Discrimination, Sexual Harassment + Physical Assault by my prior supervisor*

2) *Current Retaliation + Discrimination + Harassment because of my complaints to EEOC. Specifically, a) I was removed + my female subordinate was given my position.*

*I have a master degree +17 years in Bellevue. She has a high school diploma + 2 years in Bellevue.*

*b) I am a computer programmer after Administrator, however I am responsible for many duties such as Wheelchair Intake Survey*

*c) I was given a terrible evaluation after disclosures to my statement were made. (Please see attached Back-ups document)*

(Attach additional sheets as necessary)

*Continuation of part 8*

Note:    As additional support for the facts of your claim, you
may attach to this complaint a copy of the charge filed
with the Equal Employment Opportunity Commission, the New
York State Division of Human Rights, or the New York City
Commission on Human Rights.


9.    It is my best recollection that I filed a charge with the New
York State Division of Human Rights or the New York City Commission
on Human Rights regarding defendant's alleged discriminatory
conduct on: _____*MAY 6, 2003*_____ .
                        Date


10.    It is my best recollection that I filed a charge with the
Equal Employment Opportunity Commission regarding defendant's
alleged discriminatory conduct on: _____*12/6/06*_____ .
                                          Date

4

Carlos M. Viguera        August 14, 2007

United States District Court
Southern District of New York

The following are some of the facts that support my complaints against Bellevue :

* A history of discrimination, sexual harassment and physical assault by previous supervisors, Ms. Edie Coleman and Maria Ruiz, in the Grant Reporting Department.

**After filing my complaints with New York City and New York State EEOC and Sexual Harassments Office , I have been targeted for retaliation, discrimination and harassments by Bellevue Hospital.**

**The following are the current retaliation, discrimination and harassment:**

* After functioning as a Financial Manager , an auditor and an Administrator, I was demoted to a Client Navigator for no reason, and my female subordinate ( Ms. Ana Blanco) with a high school diplomat and no management experience was given my supervisory position. I have a master degree ( MPA) and 17 years in NYC- Health and Hospitals Corporation. Ms. Ana Blanco my previous subordinate only had a year working for Bellevue at the time. Bellevue broke the civil servant law by placing me in a functional title lower than my Sr. Health Care Program Planner Analyst title.

My current demeaning duties are to sit down behind a podium and provide directions to patients and visitors about their destinations within the hospital. I also have to visit all the 30 days re-admitted-inpatients, including prisoners and psychiatric patients, to conduct a survey. While conducting the surveys in the patients' rooms, I am expose to all kind of diseases, which I could contract, and take home to my seven years old and twelve years old children. I do not have the proper vaccines or skills to interact with these very ill patients. These functions are usually done by a social worker and a volunteer. Ms. Irene Torres, Sr. Associate Executive Director, can not find anything wrong with my professional work performance, but chooses to embarrass me by asking me to clean my office in front of everyone in the meetings.

* In 2006, after 1) successfully supervising a team of seven navigators to establish a smooth patient flow in the opening of the new Ambulatory Care Building 2) Structuring and performing the entire range of financial functions of the Cultural Competency Department and 3) supervising a group of twelve Interpreters. I was rewarded with a lackluster, fraudulent, discriminatory performance evaluation for no reason. Many Discriminatory statements were written about me and my Spanish accent in this performance evaluation. I am the mentor and guide to the younger and less experienced female workers ( Ms. Ana Blanco and Ms. Jin Ma ) and they received outstanding rating in their evaluation.

BELLEVUE H.R. DEPT.    Fax:212-562-6197    Aug 27 2007 02:23pm P008

\* **Bellevue Hospital Center as an institution is targeting me for harassment:**

I am continuously transferred from one department to another against my will.
I applied for different jobs within the Bellevue Hospital and my applications and cover memos are not responded to.

Unlike any other employees in my department, I have to report to three persons .On a daily basis I report to the Social Worker Director, Ms. Inez Suarez. Every day at 1 PM Ms. Suarez reviews the quality and quantity of my work, i.e. how many surveys have I produced. For the patient navigating function, I report to Ms. Ana Blanco, my former subordinate, and whenever, Ms. Irene Torres wants to intervene with me, she gives me additional assignments, and ask me to clean my office. ( please look at the attached Social Work Dept. Organizational Chart)

My rebuttal to the fraudulent performance evaluation was never responded to by BHC Human Resources Dept. My complaint about the fraudulent job evaluation to the Health and Hospitals Corporation Inspector General was never replied to.

Please see attached listing of supporting documents in relation to the previous Case Charge No. 520-2007-01024 addressed to Mr. William Lai:

I feel that my position is being compromised and this long lasting situation is taken a toll on my health and my young children and wife livelihood

I appreciate your assistance in this case

Sincerely,

Carlos M. Viguera

BELLEVUE H.R. DEPT    Fax:212-562-6187    Aug 27 2007 52:23pm  P009



Bellevue Hospital Center
SOCIAL WORK DEPARTMENT
MARCH 2007

Senior Vice President/Executive Director
Lynda P. Curtis

Medical Director
Dr. Eric Manheimer

Senior Associate Executive Director
Irene Torres

Director of Social Work
Ines Suarez

Deputy Director of Social Work
Vacant

Clinical Pastoral Education Program

Interfaith Chaplaincy Department

Secretarial Staff
1 Assist. Coord. Manager
1 Principal Admin. Assoc.

Home Care Office
Visiting Nurse of New York
Visiting Nurse Regional
Health & Hospital Corp./Home Care

Associate Director of Social Work
Vacant

Auxiliary Organization
Auxiliary Bellevue
Bellevue Association
Children of Bellevue

Clothing Program/ Auxiliary Requests

Deputy Director of Social Work Psychiatry Product Line
Ami Ganut

Associate Director Social Work Psychiatry
Rachel Steiner

Assistant Director Social Work Psychiatry
Luis Ramirez

Assistant Director Social Work Psychiatry
Rochelle Mauer

Assistant Director Social Work Psychiatry
Natalie Kramer

Mainsocwkrorg/IT/S/sse rev. 03/07

BELLEVUE H.R. DEPT    FAX:212-562-6197    Aug 27 2007 02:23pm P010

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Carlos Viguera<br>1020 Grand Concourse<br>Bronx, NY 10451 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-01024 | William Lai,<br>Supervisory Investigator | (212) 336-3676 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Spencer H. Lewis, Jr._    5/31/07

Spencer H. Lewis, Jr.,    *(Date Mailed)*
Director

cc:    BELLEVUE HOSPITAL CENTER
Ms. Shirley Facey, EEO Coordinator
562 1st Avenue
New York, NY 10016

:                    April 16 , 2007

Carlos M. Viguera
1020 Grand Concourse Apt. 4R
Bronx, NY, 10451
Cell 917-327-0541
Home 718-293-8976
212-562-2253

U.S. Equal Employment Opportunity Commission
New York District Office -520
33 Whitehall Street, 5th Floor
New York, NY, 10004-2112
Mr. William Lai, Supervisor Investigator

Re:        **Case Charge No. 520-2007-01024 Detailed
           description and Evidence Documents**

Dear Mr. Lai:

In Accordance to our conversation on April 11, 2007, you asked
me to submit evidence documents to assist you in determining
whether this case will proceed to be investigated or not.

First of all, I want to make clear that since I filed the original
EEOC case 16G-2004-09174 for discrimination, sexual harassment
and physical assault against NYC-HHC-Bellevue Hospital Center,
I had been targeted for retaliation, harassment and discrimination.
These retaliation abuses continue to the present.

I also want to make clear that there was no justice done on my
behalf on the original EEOC case # 16G-2004-09174. After this
case was basically on my favor because of the discrimination,

1

explanation. ( **Please see documents/exhibits # 4, 5 and 6 indicating my removal from the Grant Reporting Department where I functioned as a Financial/Grant Analyst, placement in the Business Development Department. And removal from the the Business Development Department to the Cultural Competency Dept. as soon as Mr. Carlos Perez, Executive Director, resigned.**)

B. In the Cultural Competency and Interpreter Services Department I worked from June 2005 to the present time. In this department, I was assigned to supervise the patient navigators, and the Interpreters; perform the entire financial functions; conduct the language barrier survey and assist the Director, Ms. Irene Quinones in all her troubleshooting requests. Although I was doing a great job, Ms. Quinones and top management were always retaliating, harassing and discriminating me. I am a professional with 30 year of financial and administration working experience in the private and public sector. I also have an MPA degree from NYU. There is no reason why I should be discriminated and abused. ( **Please see exhibits 7 thru 16, depicting my resume, degree, letters of recomemdation, and various posivite feed-back emails I received while functioning as assistant director of the Cultural Competency Department.**)

In this department Ms. Quinones will yell at me, Scold me and put me down in front of my colleagues and subordinates. She continuously called me in her office to verbally abuse me. Must of the time she was very upset at me without any reason. I asked her to stop harassing and discriminating me. I noticed that she did not treat the female employees that way. She informed me that I asked her to stop harassing me because she was a woman and I was Man. She proceeded to show me how tough she was by shaking her head and pointing her finger at me in the privacy of her office. During this, I was getting sick to my stomach and losing weigh. Then, I

3

Social Work Department continue to harass me. The harassment
function was passed to Ms. Nurse-Reeves.   Every after noon at
3:30, Ms. Sybil Reeves will meet with me to harass me. She was
very rude and unprofessional with me. She pointed at my face with
a pen and talked down to me. Management was not sure of the
survey's objectives that I was performing, and kept changing the
requirements. Ms. Reeves looked for every possible and
insignificant details to degrade my work. She also stalked me and
harassed me wherever she saw me in the hospital premises. Ms.
Nurse – Reeves resigned on March 8th, 2007. It is unclear who I
am reporting to now.


D. Because I filed a discrimination and harassment case against
Bellevue, Bellevue is discriminates me and is targeting me.
Approximately, nine months ago, I submitted a rebuttal to the
performance evaluation, and I haven't received any responses.
Eight months ago, I submitted a complaint to NYC-Health and
Hospital Corporation (HHC) Office of the Inspector General
complaining for the generation of a fraudulent document ( my
Performance Evaluation). I haven't received any response or
acknowledgement that they received my documents. In my
struggle to get out of this stressful situation, I sent out resume to
apply for jobs in other departments or different HHC facilities,but I
do not receive any interviews although sometimes the openings has
my title. ( **Please see exhibits # 29, 30 and 31. They depict
cover letters I sent out to compete for open positions within
Bellevue and others HHC facilities. I never received a response
or an interview.**)

I thank you for your time.

Sincerely,

Carlos M. Viguera

BELLEVUE H.R. DEPT.    Fax:212-562-8167    Aug 2ⁿ 2007 02:24pm  P014/063

April 14, 2005                    Setira E. Simmons
                                  212.562.7075



To Whom It May Concern:

   This letter is in reference to and support of Carlos Viguera. At the time of his
incident, I was working across the corridor and directly across from Maria del Pilar Ruiz,
Mr. Viguera's supervisor. Let me be clear in making this statement. Maria did not knock
on the Unisex bathroom door. I was on my way to the Xerox room and in the hallway at
the time. I saw Maria working the lock, I am not sure what she had in her hand or what
was on her mind, but once someone is in the bathroom and lock the door behind them, no
one can open it with the key. I went on to Xerox and on my way back to my office, I saw
Maria coming out of the bathroom and Carlos was behind her.

   Please see my letter dated February 17, 2004 attached. If you have any
questions, you may call me at the above number.

                         Sincerely,

                         Setira E. Simmons
                         Setira E. Simmons

February 17, 2004                     Setira E. Simmons
                                      71 Columbia Street, #3J
                                      New York, NY 10002

                                              Exhibit #2

To Whom It May Concern:

    This letter is in reference to and support for Mr. Carlos Viguera.  I work across
the corridor of Edie Coleman and directly across from Maria del Pilar Ruiz, Mr.
Viguera's supervisors.  On almost a daily basis, I have witnessed the verbal abuse from
Maria toward Carlos.  She has yelled and humiliated him in the hallway instead of
stepping into an office and talk with him privately.  It is as though she has venom and
hatred toward him and puts situations on a personal level and not a professional one.

    On many occasions, Edie and Maria has called Carlos into their offices and yelled
at him so loud the entire fifth floor could hear them, even with the door closed.  Please
note that most times, Ms. Pilar-Ruiz acts under the direction of her supervisor, Ms.
Coleman.  As senior supervisor, Ms. Coleman, should deal with Mr. Viguera on a one on
one basis. Instead, they choose to gang up on him together, with each one taking turns
chastising him.

    On January 15, 2004, I walked out of my office and saw Maria coming out of the
bathroom.  One second later, I saw Carlos come out of the bathroom.  I said to myself
"Oh my God what the heck is Maria doing in the bathroom with Carlos?"  Maria actually
walked into the bathroom while Carlos was in there.  Fortunately, we do not live in a
primitive era and what one does in the bathroom is PRIVATE.  I am certain that what
Ms. Pilar Ruiz had to a say to Mr. Viguera could have and should have waited.
Absolutely nothing warranted Maria to infringe on Carlos' privacy and follow him into
the bathroom.

    Lastly, Mr. Viguera happens to be the only male employee in the Grants
Reporting Department and in no way should endure the cruelty displayed by these two
female supervisors.  Male or female, no one in the work force should suffer this constant
kind of treatment.

                          Sincerely,

                          Setira E. Simmons

                          Setira E. Simmons
                          Bellevue Hospital Research Department


sworn to me
2/17/04
M. Durkett

Exhibit # 3

March 31, 2004

To Whom It May Concern,                                                    —

This statement is regarding the incident that took place on March 11, 2004 in the Grants Reporting/GL Department. On the afternoon of Thursday, March 11, 2004 I was in my cubicle working at my desk. Ms. Ruiz had walked over to Mr. Viguera's cubicle to return his report to him and ask him to not remove the staples from the report. Then I heard Mr. Viguera repeating to Ms. Ruiz "Don't wave that report in my face". He asked Ms. Ruiz to not talk to him in that way since he did not talk to anyone in the department in that way. She stated to him to sit down. She was upset with him and she said to him "You are not a man!" Then she went on to say "I have nothing to lose, you do!" Later she stepped out to the ladies room. Upon her return I heard Mr. Viguera exclaim, "You hit me, I'm calling the police". Ms. Ruiz mentioned that that claim was ridiculous since the space to walk pass to her cubicle is so narrow that some contact was unavoidable. In the next moment, Mr. Viguera was on his cell phone calling 911.

Sincerely,

Yesenia Torres

Yesenia Torres
Associate Accountant

BELLEVUE H.R. DEPT.    Fax:212-562-6197    Aug 27 2007 02:25pm  P017/063

Exhibit #4



**Carlos M. Viguera, MPA**
Sr. HCPPA, Outreach
Office of Business Development

**Bellevue Hospital Center**
South Manhattan Healthcare Network

First Ave. & 27th St., New York City, NY 10016
tel 212.562.2250 fax 212.562.4622
carlos.viguera@bellevue.nychhc.org

New York City Health and Hospitals Corporation

After Mr. Carlos Perez, Resigned
I was Removed From The above Position

BELLEVUE H.R. DEPT.    Fax:212-562-5187    Aug 29 2007 02:25pm  P019/063

From:       Terry Miles
To:         Viguera, Carlos
Date:       6/21/2005 9:43:36 AM
Subject:    Fwd: Re: Carlos Viguera



Re-ASSIGNment
TO TEMPS. NAVIGATR
Exhibit #5

Carlos, I meant to cc you on this.

>>> Terry Miles 06/21/05 9:41 AM >>>
I don't think we need to meet.

1.  This is a PILOT. NO definites are in place until we assess the outcome of how things work.

2.  However, this is a very important pilot that will set the stage for a new Navigator program at Bellevue.

3.  The pilot will help determine how the new Navigator program will work, how many staff are needed, what days/hours they will be in place, etc.

4.  We DO NOT know at this point who the supervisor will be or generally how the administrative aspects will work or where they will report (Amb Care?, Info Desk? etc.)

5.  For now, Carlos will report to Irene and she will oversee his timesheets, days off, etc.

6.  There will NOT be any transfer of staff lines at this point.

7.  Carlos will maintain his current office.

8.  He is expected to be the "face of Bellevue" and for the most part be out and about. But will be helping to coordinate the current Navigator program and will need office time. In addition he will be assessing how long a Greeter should and could be on his/her feet.

9.  Right now it is awkward to assess since we have 3 entrances—the Rotunda, the 1st Ave new building entrance and the south side new building entrance. Once we have only one entrance (on or about July 5th), this will all get easier.

10. Carlos should use the desk at the 1st Ave new building entrance for now for rest times, etc.

11. Carlos, we are very grateful to you helping us to assess a new Bellevue program. You have gotten very positive feedback from patients and staff about your friendliness and willingness to be so involved in the Navigator program.

12. I hope this answers all concerns. Thanks to all.

>>> Irene Quinones 06/21/05 9:23 AM >>>

Hello,
I am alittle confused about Carlos' role and assignment in relation to the navigators' program and the future post navigators. I don't want to give him misleading information. However, I need some more clarification before I discuss further his job assignment, future, etc. Let's meet to discuss. Thanks. Irene

CC:         Bateman, William; Davis, Edith; Quinones, Irene

BELLEVUE H.R. DEPT.     Fax:212-562-6167     Aug 27 2007 02:25pm P019/089



Exhibit #6

BELLEVUE H.R. DEPT.    Fax:212-562-6187    Aug 27 2007 02:25pm P023/063

Carlos Viguera - RE: Open Balance

From:      "Benjamin, Beverly" <bbenjamin@fegs.org>
To:        "Carlos Viguera" <Carlos.Viguera@bellevue.nychhc.org>
Date:      8/23/2006 12:36 PM
Subject:   RE: Open Balance
CC:        "Spruill, Tracey" <tspruill@fegs.org>

*Exhibit #7*

*Carlos,*

*Sorry I didn't get back to you sooner.  I was on vacation and have been playing catch up.*

*I'm sorry you aren't handling my account any more.  You were able to get the payments through quickly.  I work with several hospitals and agency and I must admit you are one of the most professional people I have dealt will.*

*I hope you new assignment is fulfilling.*

*Thank you, and take care*

*Beverly*

-----Original Message-----
From: Carlos Viguera [mailto:Carlos.Viguera@bellevue.nychhc.org]
Sent: Friday, August 11, 2006 4:07 PM
To: Benjamin, Beverly
Subject: Re: Open Balance

Hi, Beverly Please give a call on 917-327-0541

Carlos

>>> "Benjamin, Beverly" <bbenjamin@fegs.org> 5/4/2006 11:55 AM >>>

<<Bellevue - 5.4.06.xls>>


*Beverly*

*Exhibit # 8*

August 11, 2006

Dear Sir or Madam:

In the summer of 2005, I had the opportunity to work under the supervision of Mr. Carlos Viguera as a Client Navigator at Bellevue Hospital Center. The monumental task of directing and escorting all sort of visitors to their destination would not have been accomplished without the unsurpassed and professional leadership of Mr. Viguera.

Carlos, as we all called him was professional and pleasant at all times. His tact and ability to deal with people and problems are remarkable. He is a natural leader who possesses the ability to grasp what is wanted and needed. His strong work ethics and positive attitude led our team in unison and pride. Mr. Viguera always dealt and resolved all unforeseen challenges with mien quiet competence and aplomb. All these are undoubtedly Mr. Viguera's trademarks.

I strongly believe that Mr. Viguera can successfully lead any group or team in accomplishing their tasks. Should you have any questions, I can be reached at 212-562-4517. Thank you very much.

Louis Montes De Oca
Simultaneous Interpreter
Temis

BELLEVUE H.R. DEPT.    Fax:212-562-6187    Aug 27 2007 02:25pm P022/063

August 14th, 2006

Exhibit #9

To Whom It May Concern:

My name is John Lizcano. I used to be part of the interpreter's services at Bellevue Hospital Center. During a short period of time, Mr. Carlos Viguera was selected by Irene Quinones to be the direct supervisor of the interpreter's services. As a supervisor, Mr. Viguera was always respectful to me and always treated me well. When I was going through a rough time at work, Mr. Viguera was there to support me and advise me. Also, when I had problems at work because I was asked to leave the interpreter's services within two weeks when I was in the transition period of going to another job, Mr. Viguera was there to help me and he intervened on my behalf, so I could stay with the interpreter's services until I was actually ready to go onto the other job that I had been offered. I have no complains against Mr. Viguera. Throughout the time I was there, I never had a problem with him.

Sincerely,

John Lizcano

Carlos Viguera - Re: Sign lang. Appoint. for 5/15/06

| | |
|---|---|
| From: | Irene Quinones |
| To: | Viguera, Carlos |
| Date: | 5/15/2006 8:48 AM |
| Subject: | Re: Sign lang. Appoint. for 5/15/06 |

Exhibit #10

Very nice. Do we have appointments for the rest of the week?

>>> Carlos Viguera 05/12/06 3:56 PM >>>
Irene, FYI
see attachment.

Carlos

BELLEVUE H.R. DEPT.    Fax:212-562-6157    Aug 27 2007 02:25pm  P025/063

- RESUME CONTINUE -

CARLOS M. VIGUERA
1020 Grand Concourse, Apt. 4R
Bronx, NY, 10451

**Fiscal Manager and Assistant Administrator**      09/87 to 12/88
**MONTEFIORE MEDICAL CENTER - Family Health Center**
Responsible for the entire range of financial functions and the administration of the clinic. Duties
included preparing financial statements, and the direct supervision of the billing, medical records
and the patient registration staff; assisting in the management of the health center.

**Senior Financial Manager**      09/72 to 06/87
**CHASE MANHATTAN BANK**                        (Promoted to Accounting Officer 6/83)
Controller Division
Responsible for the management and supervision of project team to include the entire range of
manual and automated products costing, profitability, work measurement and productivity studies.
Duties included preparing financial reports, and functioning as an internal consultant to assist
management in the decision making process concerning pricing, strategic planning, profitability,
expense reduction, new products and business acquisition.

**RELATED EXPERIENCE:**
Legal Assistant        12/88 to 05/89
**GODDARD RIVERSIDE LAW PROJECT**
Functioned as a Legal Assistant to the lawyers staff. Responsible for supporting the clients in the
housing legal process.

**EDUCATION:**
Master in Public Administration, Management, New York University, 1994

Bachelor in Business Administration, Pace University, 1983

Certificate in Computer Systems Design, Pace University, 1981

Associate in Accounting, BMCC, 1972

CARLOS M. VIGUERA

1020 Grand Concourse Apt. 4R
Bronx, N.Y. 10451
(B) (212) 562-2253
(H) 718-293-8976 (Cell) 917-327-0541
CarlosViguera@juno.com

Exhibit #12

## PROFESSIONAL EXPERIENCE:

Assistant Administrator    3/98 to present
**NYC HEALTH & HOSPITALS CORP. - Bellevue Hospital Center**
Responsible for supervising the Patient Navigators, and Interpreters; monitoring the budget; performing the outreach function in the Latino Community; participating in health fairs to provide health care services, assess the community needs and to promote the services of Bellevue Hospital Center; Performing cost/benefits analyses.

Senior Financial Manager
Responsible for conducting financial analyses, and improving the Hospital operations. Duties included reviewing the hospital operations; conducting internal audits, generating grant expenditures reports; maintaining the cost accounting system and promoting its potential uses.

Fiscal Manager and Assistant Administrator    03/93 to 3/98
**NYC DEPARTMENT OF HEALTH- Family Health Services Diagnostic & Treatment Center**
Responsible for assisting in the development and implementation of the Medicaid, Third Party and Self-Pay billing systems and revenue management. Duties included revenue enhancement and projections; performing profitability and productivity analyses; designing and developing financial and clinical reports.

Communicare Health Center Program
Responsible for assisting in the implementation and management of the seven clinics network. Duties included developing and monitoring the expenditure and revenue budgets; performing the procurement function; developing contract specifications, supervising the billing staff and interacting with the New York City Fiscal Agency, vendors and other departments; assisting in the management of the Health Centers.

Senior Financial Manager    5/89 to 03/93
**NYC HEALTH & HOSPITALS CORP.   Central Office -Finance Division**
Responsible for coordinating, developing, analyzing and monitoring $548 million budgets of four municipal hospitals. Duties included performing variance, trend analyses, special projects and interacting with the hospitals Budget Directors.

Central Office- MIS Department
Responsible for assisting in the implementation of the cost accounting system in the eleven municipal hospitals. Duties included functioning as the liaison, reviewing the hospital operations, validating the services/products costing methodology, implementing modifications; conducting financial, case mix utilization, DRG activities analyses, and promoting the system and its potential uses.

Exhibit # 13

# MANUFACTURERS HANOVER TRUST COMPANY

270 PARK AVENUE, NEW YORK, N.Y. 10017

JOHN F. McGILLICUDDY
CHAIRMAN OF THE BOARD
AND
CHIEF EXECUTIVE OFFICER

June 19, 1984

Dear Carlos,

At the most recent meeting of the Personnel Policy Committee, you were elected a Trust Officer. It is my pleasant duty to inform you of this action and to welcome you to the official staff.

You are to be congratulated upon this recognition of your accomplishments. Best wishes for continuing success.

Sincerely yours,

Mr. Carlos M. Viguera
Trust Officer
Manufacturers Hanover Trust Company
600 Fifth Avenue
New York, NY 10020

Exhibit # 14

The President, Professors, and Trustees of

# New York University

To all persons to whom this writing may come Greeting:

Be it known, that we, in recognition of the accomplishment of the requisite course of study, give to

## Robert F. Wagner Graduate School of Public Service

by virtue of the authority provided us by charter of the State of New York, do confer upon

## Carlos M. Higuera

the degree of

## Master of Public Administration

with all the rights, privileges, and immunities thereunto appertaining. In witness whereof, we have caused this Diploma to be signed by the duly authorized officers of the University and sealed with our corporate seal, in the City of New York, May, Nineteen hundred ninety four.





BELLEVUE H.R. DEPT.    Fax:212-562-8187    Aug 27 2007 02:26cm  P029/063



# BELLEVUE HOSPITAL CENTER

First Avenue at 27th Street
New York, NY 10016
Tel: (212) 562-4141

Exhibit # 12

### MEMORANDUM

April 23, 2001

TO:          Pierre DuBose
             Controller

From:        Barry Schwartzman
             Supervising Systems Analyst

Subject:     Carlos Viguera Temporary Assignment To Grants

-------------------------------------------------------

As you are aware Carlos Viguera was temporarily reassigned to my department; Grant Reporting from the Internal Auditing department on December 15, 2000. I will be leaving the department effective April 30, 2001.

For your information, Carlos performed in an outstanding manner and maintained the highest level of performance during this period of crisis and rarely needed direction after an initial explanation. He demonstrated outstanding ability when assuming unusually demanding responsibilities and has always carried a heavy workload.

cc:  C. Byrne
     C. Viguera

New York City Health and Hospitals Corporation
South Manhattan Health Care Network

BELLEVUE H.R. DEPT     Fax:212-562-6187     Aug 27 2001 02:27PM P030/069

From:      William Bateman
To:        Viguera, Carlos
Date:      3/28/2005 5:10:07 PM
Subject:   Fwd: Presentation @ ECC

*Stress - Reduction Cl*
*Exhibit # 16*

Nice work Carlos. This is great feedback, not easily earned. If you can bring the same level of interest to the overall Wellness at Work Program, "Healthy Works", then we're really moving.  Barry

William B. Bateman, M.D.
Director, Business Development Office
South Manhattan Healthcare Network
Phone: (212) 562-4541
Fax: (212) 562-4622

>>> Shelly Mazin 03/28/05 2:26 PM >>>
Dear Carlos, on behalf of the Environment of Care Committee I want to extend our thanks for the wonderful presentation you did at the meeting this morning. As you certainly know very well stress in the workplace is becoming a serious challenge and has an impact on quality of life for employees, on illness, injury and absenteeism rates, loss of productivity, and ultimately has the potential to affect the quality of patient care. Your efforts to bring stress management stategies to all of us is just wonderful. I got many favorable comments from committee members and we all found your presentation informative and helpful. The techniques you demonstrated can be effectively incorporated into daily life both at work and at home with just small amounts of time. Your enthusiasm for the subject was evident and I think projected to many people on the committee.

I know that I will try to put your lesson to work for me and the more people who do the greater the impact will be.

Again, much thanks for sharing your time and expertise.

Shelly Mazin
Safety Director
Chair, ECC


CC;        Davis, Edith

Carlos Viguera - Re: Irene's abuses

From:    "Terry Miles" <Terry.Miles@bellevue.nychhc.org>
To:      <carlosviguera@juno.com>
Date:    12/19/2005 8:52:21 PM
Subject: Re: Irene's abuses

*TERRY RESPONSE 4 MY COMPLAINTS*

I am surprised by this turn of events Carlos. Please be patient a bit longer. I am in the throws of the potential strike working crazy and long hours. Will be here again all night assuming there's no strike settlement. I will meet with Irene as soon as possible, and then all of us if need be after that.

>>> carlos m Viguera <carlosviguera@juno.com> 12/19/05 6:49 PM >>>
Hi, Terry

I really thought about this before doing, but really can not tolerate abuses any more.
Although I work very hard every day, I come home hurt needlessly.

Some of my accoplishment:
* The Navigator project in the New Amb. Care Building was a success.
* The Meeting to introduce NYC Students Navigator to Bellevue was a success
* Increase Productivy and Morale Improvement in The Interpreters Program, which I am supervising, performing every supporting function.
* The financial function and bill paying is adequate in the Cultural Competency Dept.
* I contributed to the success of the Hispanic Heritage events.
* I am conducting the completion of the the Language barrier Survey in Bellevue.
* Recruiting and Coordinating training for new Asian, Polish, Bengali, and Hispanic Interpreters.
* I am support Irene in every little detail, errands, and new assigments she gives me.
* remember I am a Union Member. My time is 9 to 5. However, I am working 8 to 6 most of the time without additional time off or compensation.

The things is that the Interpreters and I am having fun with this work.

Why then, I have to be humilated every day and sometimes in front of people.
She harsh and insensative; does really try to understand, and come accross very moody and emotional. I think Irene really see me as a threat or a competitor. Things are really escalating every day.

Terry, you, Irene and I have to speak together so that she does not campromise my position and and do not want to make a mistake and compromise my position.
I can not work under this condition.

I thank you for yout time

Carlos

## Carlos Viguera - Fwd: Reporting Change

| | |
|---|---|
| **From:** | Terry Miles |
| **To:** | Viguera, Carlos |
| **Date:** | 2/21/2006 10:21 AM |
| **Subject:** | Fwd: Reporting Change |
| **CC:** | Joubert, Minerva |

Good morning, Carlos. FYI on the attached. The below email was sent to administrators on Friday. In all likelihood you will not be reporting to Irene much longer. Give me a bit more time to settle things out given this reporting change. Hang in there.

>>> Terry Miles 02/17/06 6:02 PM >>>
Effective Tuesday, February 21st, Irene Quinones will report to Irene Torres. Irene Q will take on added responsibility in the QA oversight of Case Management, plus continue to have responsibilities related to LEP, Cultural Competency and Patient Advocacy.

Please join me in supporting both Irene's in this transition.

BELLEVUE H.R  DEPT.    Fax:212-562-6137    P. 2  27 2007  02:27pm  P033/035

ᕌᕁᕝᕭᕟᕐᕸ

## Carlos Viguera - Re: Terry Please don't forget me

| | |
|---|---|
| **From:** | Terry Miles |
| **To:** | Viguera, Carlos |
| **Date:** | 3/31/2006 5:31 PM |
| **Subject:** | Re: Terry Please don't forget me |
| **CC:** | Joubert, Minerva |

Hi Carlos. Thanks so much for your patience. I have been pursuing a few potentials and should know more definitively next week. Please be in touch by week's end if you have not heard from me beforehand. I have copied Minerva so she is aware. Have a great weekend.

Terry

>>> Carlos Viguera 3/29/2006 12:00 PM >>>
Hi, Terry

I am waiting patiently, but feeling somewhat insecure about my position. When will I be place in a permanent spot?

Thanks

Carlos

SELECTIVE H.R. DEPT.    Fax:212-562-8187    Aug 29 2007 02:27pm P034/083

*Exhibit #10/6/0*

> **Draft 10-5-05**
> **Bellevue Hospital Center**
> **Functional Job Description**
> **Cultural Competency & LEP Program**

Name: _____ Carlos Viguera _____    Department: Cultural Competency & LEP

Title: **Sr H. C. P. P. A.**    Reports to: Irene Quinones

Tour* (check one) I _____        II _____        III _____

**Summary of Duties**

1. **Recruitment and supervision of Temporary Navigators** - Work with Prompt Temporary Agency for hiring temporary Navigator Staff

   - Interview and Screen candidates for appropriate skills
   - Create schedules and assignments for Navigators
   - Troubleshoot problems with assignments, issues as they arise.
   - sign time sheets and make sure hours reported are correct

(Note: As of today it is unclear if the Navigators Program will continue. Hospital Leadership will make a determination. If the program changes either through elimination or if it changes from temporary to permanent, this job function will also change.)

2. **Track and monitor requisitions for Prompt Agency**

   - Track status of requisitions for Prompt Agency
   - Track and insure that a P.O. has been generated
   - Work closely with Accounts Payable and Finance/Budget unit to monitor and track budget and payment process for Navigators
   - Prepare and submit time sheets for payment of program participants

3. **Collect and monitor data for Navigators**

   - Track daily encounters
   - Track language demand
   - Create excel spreadsheets
   - Interpret data

4. **E-Commerce**

   - Track and monitor requisitions for E-Commerce

Exhibit #

5. Work with Immigrant Advocacy Group (Temporary)

   - Work with IAG for scheduling and assignment of Medical Interns
   - Insure Orientation with appropriate Departments
   - Insure information provided is adequate

6. Assist with Interpreter coverage and medical clearances

   - Provide coverage as needed (Telephone, assignments, metro-cards, etc.)
   - Assist with obtaining medical clearances for new recruits

7. Act as liaison for Cultural Competency & LEP Program Interpreter program and all other departments throughout the facility

8. Assist Director with requests as they arise.

---

I have received a copy of this job description and understand that I am responsible for, and will be evaluated on the duties contained herein.

Employee: Name: _Carlos h. Viguera_ Signature _Carlos h. Viguera_
CARLOS M. VIGUERA

Date: _10/6/05_

Supervisor: _Irene Quinones_    Signature: _Irene Quinones_

Date: _10/6/05_

BELLEVUE H.R. DEPT.     Fax:212-562-6187     Aug 27 2007 02:27pm P036/063

Exhibit 21

# Bellevue Hospital Center
## Functional Job Description
### Cultural Competency & LEP Program

Name: _____Carlos Viguera_____     Department: Cultural Competency & LEP

Title: Sr. HCPPA          Reports to: Irene Quinones

Tour* (check one)I ____          II ____     III ____

**Summary of Duties**

1. E-Commerce –
   Enter bills for Deaf Interpreters
   Track and monitor bills

2. Assist Director with requests as they arise
   - errands
   - Xeroxing
   - telephone calls, etc

I have received a copy of this job description and understand that I am responsible for, and will be evaluated on the duties contained herein.

Employee: Name: _Carlos Viguera_ Signature _Carlos L. Viguera_

Date: _1/17/06_

Supervisor: _Irene Quinones_     Signature: _Irene Quinones_

Date: _1/17/06_

EXHIBIT
#2

## Job Description
## Client Navigator

**Under supervision, performs client navigating related duties.**

Meet and greet patients who come to Bellevue Hospital seeking services;

Assist patients in a culturally sensitive manner and address barriers, i.e., language, needing services, i.e., appointments, Billing, in accessing all services.

Help patient with information, questions, and understanding how to obtain hospital services;

Help patients reach the destinations, i.e., ambulatory care clinics, administrative services, inpatient services, pre-surgical testing site, labs, etc.

Obtain wheelchairs for patients who have difficulty walking;

Assist patients who require interpreter services, by obtaining a qualified trained interpreter, either through the Volunteer Interpreter Office, TBMIS, or Language Line.

Provide coverage for other client navigators when called to do so;

Maintain logs of patient encounters and types of encounters;

**Perform duties as requested by Sr. Associate Director, i.e.,**

Language Barriers Surveys – telephone calls
Patient Satisfaction Surveys – Inpatient, Outpatient, AES
Others *i.e, Social Work Project I @ 2/8/06*

_____     _____ 8/2/06 G
Carlos Viguera                                    Date
SrHCPPA

_____     2/8/06
Irene Quinones
Sr. Associate Director                          Date

BELLEVUE N.R. JCP    FAX: 212-562-6187    Aug 21 2007 02:25pm P038/063

## Carlos Viguera - 30-day Readmission project

#23

| | |
|---|---|
| From: | Sybil NurseReeves |
| To: | Carlos Viguera |
| Date: | 3/2/2007 2:24 PM |
| Subject: | 30-day Readmission project |
| CC: | Irene Torres |

Good afternoon Carlos,

This is a follow-up to our meeting yesterday (3/1/07). The following was discussed:

1. Your schedule which is as follows:

   8:00 AM - 9:00 AM - Providing Navigation Services
   9:00 AM - 12:00 Noon - Conducting the 30-day readmission survey
   12:00 noon - 1:00 PM - Lunch
   1:00 PM - 2:00 PM - Imputing data collected from 30-day readmission survey and follow-up telephone surveys
   2:00 PM - 4:00 PM - Providing Navigation Services

2. You will have access to print the daily 30-day readmission report (preciously provided by Tiffany Cho and/or Cynthia Grant)
   I made the request via MIS the ticket # is 112009. You will be responsible for printing out the daily report to conduct the
   survey.

3. You will be responsible for inputing the data collected from the survey. The program on the QM Server will be placed on
   your computer. I contacted MIS and made the request. The ticket # is 111999. You can contact Paul Ridikis x 2442
   if you have any questions regarding the program. Paul designed the program.
   ** Sylvia Elias will continue to input data collected thru Friday, 3/2/07, then you will responsible for inputing the data.

Please do not hesitate to contact me if you have any further questions.

Thank you,
Sybil



with

Exhibit #24
Contin...

## NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
### HUMAN RESOURCES
## POSITION DESCRIPTION

| Position Title | | Title Code(s) | Effective | Reissued | Revisi |
|---|---|---|---|---|---|
| Senior Health Care Program Planner/Analyst | | | 12/29/95 | | |
| | Level A | 000320 | | | |
| | Level B | 000330 | | | |

### Purpose of Position:

This class of position encompasses managerial responsibilities of various degrees of complexity and difficulty with varying degrees of latitude for independent initiative and judgement in health care program planning, analysis and implementation.

Plans, designs, analyzes and evaluates total programs and systems relating to the delivery of health care services; implements these activities through consultation, liaison and analytical functions; may supervise and coordinate work of subordinate staff.

There are two (2) assignment levels to differentiate ascending order of assignment difficulty with corresponding higher pay levels.

### Examples of Typical Tasks

### Assignment Level A

Under general supervision with wide latitude for the exercise of independent initiative and judgement performs some of the following functions.

1. Develops plans and approaches and identifies key elements of study of Health Care Planning.

2. Designs related studies such as, but not limited to: (a) Feasibility of health care delivery systems and resources analysis; (b) Content and standards for professional components of projects; (c) Affiliation relationships; (d) Socio-economic and demographic data; (e) Public policy and Legal restraints.

3. Participates in the development of criteria for research studies and develops validity and reliability measures, and makes recommendation for further research.

HHC/PPE/9549

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
HUMAN RESOURCES
POSITION DESCRIPTION

| Position Title | | Title Code(s) | Effective | Reissued | Revis |
|---|---|---|---|---|---|
| Senior Health Care Program Planner/Analyst | | | 12/29/95 | | |
| | Level A | 000320 | | | |
| | Level B | 000330 | | | |

### Examples of Typical Tasks (continued):

4. Represents the cost center and maintains liaison with key health facilities personnel, community representatives, governmental and health care agencies for the purpose of achieving optimum effectiveness of the planning process.

5. Serves as resource to other cost groups (i.e. Finance, Operation and Medical and Professional Affairs) for interrelated problems concerning ambulatory care and community health.

6. Develops strategies and alternative approaches for improvement of specified health care programs and assists the Director in assessing existing resources and determining priorities.

7. Designs evaluation procedures by which cost effectiveness and program efficiency can be determined; and directs evaluation audits.

8. Supervises subordinate personnel, assigns work, evaluates performance, guides and furnishes direction.

9. Provides technical/professional assistance to operational facilities by: development of training materials and/or sessions; and the preparation of policy statements, interpretive bulletins, implementing procedures, and through consultations.

### Assignment Level B (This level for Central Office Only)

Under direction with the widest latitude for the exercise of independent initiative and judgement, performs some of the major duties described under Level A; and

Page 2 of 4

HHC/PPE/9549

*NEW YORK CITY HEALTH AND HOSPITALS CORPORATION*
*HUMAN RESOURCES*
## POSITION DESCRIPTION

| Position Title | | Title Code(s) | Effective | Reissued | Revisio |
|---|---|---|---|---|---|
| Senior Health Care Program Planner/Analyst | | | 12/29/95 | | |
| | Level A | 000320 | | | |
| | Level B | 000330 | | | |

### Examples of Typical Tasks (continued):

1. Organizes and coordinates the establishment of health care planning projects; initiates the development of conceptual and analytical prototypes.

2. May direct and coordinate the activities of an organizational unit(s) concerned with one or more aspects of health care program planning, directs staff, sets unit priorities, evaluates work and provides on-going guidance to subordinates.

3. Develops channels of communication with such corporate managerial personnel, community groups and representatives of governmental and health care agencies as are required to maximize planning activities.

4. Provides high-level analytic and administrative support to resolve complex coordination of health care services, with an emphasis on the issues, problems, and general modes of operation of Corporation activities which impact, either directly or indirectly, on planning, implementing, developing, and evaluating such services.

5. Directs evaluation studies and program performance audits; and their acceptance and/or adoption.

6. Sets the overall standards for research and investigating criterion.

### Qualification Requirements:

1. A Baccalaureate Degree from an accredited college or university in Business Administration, Engineering or Social Sciences, Health Care Specialization, Physical Sciences or related programs; and

   A minimum of four (4) years of progressive, responsible experience related to Health Care Program Planning, Research, Design, Operation, Evaluation and Analysis; or

**Page 3 of 4**

UBC/PPEA549

BELLEVUE H.R. DEPT.    Fax:212-562-3787    Aug 27 2007 02:28pm P042/063

## NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

*(Name of Facility)*

### EMPLOYEE PERFORMANCE EVALUATION

Exhibit #
Lou

| Employee Name – Last, First, Initial | | Employee I.D. No. |
|---|---|---|
| Viguera, Carlos | | 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 |

| Title | Date Appointed to Title | Unit |
|---|---|---|
| Sr. HCPPA | 3-22-93 | Cultural Competency/LEP/CAss Management |

| Period Covered by this Evaluation | Type of Evaluation |
|---|---|
| From: June 30, 2005 | ☐ Promotion  ☒ Annual |
| To: July 1, 2006 | ☐ Probation  ☐ Exit  ☐ |

| Evaluation Prepared By | Title |
|---|---|
| Irene Quinones | Sr. Associate Director |

**JOB ASSIGNMENT:** *(Briefly describe major tasks of employee in order of importance – not more than five items)*

1. Recruitment and supervision of Temps for the Navigators Program (July-Sep 2005)
2. Track and monitor requisitions for E-Commerce (Sign Language Interpreters and the former patient navigators program)
3. Supervise Interpreters (November-January 2006)

**INSTRUCTIONS:** *In terms of duties listed, please utilize the checklist to appraise the performance of each employee. For each set of items, select the group of words which best describes your judgment of the employee. The employee's overall performance should be considered rather than evaluating on the basis of an isolated incident. Avoid allowing one factor of the employee's performance which may be good to influence another factor which should be improved upon, or one factor which is weak to influence another factor which is good.*

| KNOWLEDGE OF JOB | | | | |
|---|---|---|---|---|
| Consider extent of employee's knowledge of current job. Does employee know what to do and why? | ☐ Exceptional knowledge /information | ☐ Knows what to do and how to do it with minimal supervision | ☒ Sometimes handicapped by gaps in knowledge/information | ☐ Requires help even on routine matters |

Comments:

| QUALITY OF WORK | | | | |
|---|---|---|---|---|
| Consider ability to produce work, which is of high quality – neat, thorough, regardless of volume. | ☐ Moderate amount of work requires re-doing | ☐ Does complete and accurate job in all respects | ☒ Errors/omissions serious and frequent | ☐ Work is usually acceptable (very few errors/omissions) |

Comments:
Mr. Viguera forgets to CC me on emails to other department administrators; Reports and memos written by him require close monitoring and review; Follow-up and repeated requests are necessary; timesheets are submitted late, application to Ms. Daniells in the Volunteer Dept were not submitted when first requested. When asked why, he responded: "I was too busy, you were too busy."

HHC 2154 (r Aug 95) Replaces HHC 20-29 (R Feb 78)

BELLEVUE H.R. DEPT.    Fax:212-562-6167    Aug 27 2007 02:23p    P042/063

| QUANTITY OF WORK Consider amount of work produced under normal conditions and extent to which employee meets expected deadlines | Amount of work inadequate | ☒ Amount of work completed sometimes below average | Turns out good volume of work | Consistently turns out very large volume of work |
|---|---|---|---|---|

Comments:
Mr. Viguera has difficulty completing tasks in a timely fashion. He always attributes his failure to comply with time lines to: "Too many things to do." On some occasion he alluded to the stress class he was teaching on Thursdays at 1pm for his inability to complete tasks. Mr. Viguera was asked to discontinue this 1pm Stress Class.

| RELATIONS WITH PATIENT/PUBLIC Consider whether employee is courteous, sensitive to feelings and interests of patients and/or public | Courteous and responsive to patients and public | Ineffective or inconsiderate in dealing with patients and public | Unusually effective in relations with patients and public | ☒ Occasionally tactless or uncooperative |
|---|---|---|---|---|

Comments:
Mr. Viguera has difficulty communicating with other key employees. His interactions are perceived as rude and unprofessional. Consequently other employees are reluctant to interact or work with him.

| JUDGMENT Consider ability to make decisions and to use resources to best advantage. Does employee know when to seek advice? | ☒ Has some difficulty in making necessary and sound judgment | Anticipates problems and independently takes appropriate action | Generally knows what should be done and how to go about it | Makes frequent errors in judgment |
|---|---|---|---|---|

Comments:
Mr. Viguera has difficulty with follow-up and decision-making. When asked to contact the chief of the Medical Clinic to discuss the assignment of an interpreter in the clinic, this required many reminders. When he finally did it, he introduced the interpreter to the residents and not the clinic chief. This prompted the clinic Chief to call me and asks me where was the interpreter that was committed to the clinic.

| ADAPTABILITY Consider the speed with which employee learns and amount of training needed to teach new skills | Receptive to new instructions/ideas and applies them quite quickly | Very slow in grasping new instructions/ideas, even with constant supervision | ☒ Experiences some difficulty in grasping new instructions/ideas without follow-up | Immediately grasps new instructions/ ideas and applies them in work |
|---|---|---|---|---|

Comments:

| RELIABILITY Consider ability of employee to get work out, especially under pressure and to follow through to completion | ☒ Cannot be relied upon to carry out assignments without constant prodding and checking | Fulfills commitments with normal supervision | Handles even difficult problems with little or no supervision | Occasionally fails to complete assignments. Needs direction |
|---|---|---|---|---|

Comments:
Mr. Viguera was unable to complete and provide the Language Barriers report in a timely fashion; Mr. Viguera has given in his time sheet three weeks late. When asked why, he stated he had too many things to do.

#3
Con

#8

## ATTENDANCE

Are absences of employee excessive? If yes, indicate the number of times absent in rating period and what action has been taken.

No

## PUNCTUALITY

Is employee excessively late? If yes, indicate the number of times late in rating period and what action has been taken.

NO

## SUMMARY

**I.    EVALUATION CHECKLIST**

   a.   Did you consider entire rating period?

   b.   Did you consider every task?

   c.   Did you determine the most important part of the job and give that greater consideration in evaluating the employee's performance?

**II.    SUMMARY RATING**

In arriving at a summary rating, do not merely add up or average the rating of individual factors. First determine which factors are of the greatest importance in performing the duties of the position. Give greater weight to those factors in arriving at a summary rating. You may wish to consider factors which have been rated above. Use your ratings of the listed factors as a guide, but consider the overall performance of the employee in order to arrive at a summary rating.

☐ Outstanding

☐ Satisfactory

☒ Needs Improvement

☐ Below Standard

III.    If evaluation is *Outstanding, Needs Improvement or Below Standard*, state reasons for such rating below. Be specific, giving dates and details wherever possible. In addition to commenting on evaluation factors, cite other factors as well. (Attach additional sheets if necessary).

Mr. Viguera has difficulty meeting deadlines. A language barriers report that was needed for a meeting was not completed on-time. Time sheets are not submitted on time. His work requires close monitoring and supervision. Mr Viguera has communication issues with other employees, including staff that he supervises. The secretaries in Ambulatory Care did not want to interact with him anymore. The interpreters feel that his communication is condescending. Mr. Viguera claims that his failure to meet deadlines are due to: 1. "too many things to do" and 2. "I'm busy and you're busy".

**IV.  PLANS FOR IMPROVEMENT**    List specific areas in which development is needed and plans you
suggest for developing employee.

Mr. Viguera is encouraged to keep a log of any specific tasks he is given. If he has difficulty meeting the requirements, he should discuss it with his immediate supervisor. Mr. Viguera has to improve his communications skills when dealing with other employees. Mr. Viguera feels that failure to perform his duties is due to the failures of others, i.e., his supervisor, other employees. He is encouraged to reflect on the above comments and take initiative to improve his skills as they relate to communication, written and verbal, and meeting deadlines as well as improving his overall work performance. He is encouraged to attend courses in the Urban Learning Academy on time management, writing courses, supervision, etc. Mr. Viguera is no longer supervising the Interpreter program. He is no longer responsible for E-commerce. As of June 2006 he transitioned to the Navigators Program. In addition, he will be performing other duties, i.e., Language Barriers, Patient Satisfaction and Social Work Surveys. He should focus on his tasks as they relate to the Navigator program. Any issues regarding the other navigators should be addressed with his supervisor. He has been counseled by his supervisor on this and a formal counseling is scheduled for 7/28/06.

**V.**

| Supervisor's Name | Title |
|---|---|
| Irene Quinones | Sr Associate Dir. |

| Supervisor's Signature | Date |
|---|---|
| Irene Quinones | 7/27/06 |

**VI.  REVIEWED BY DEPARTMENT HEAD**

| Signature | Date |
|---|---|
| | 7/28/06 |

Comments: Vindictive & represend because I do not
Allow Irene Quinones to Abuse me verbally &
and not to take me out of the chlow. I do not Agree with Anything on this evaluation
& I will write a Rebuttal.

**VII.  EMPLOYEE**

My signature on this evaluation and any attachments merely indicates that I have read it and have received a complete copy of it. It does not mean that I agree with the statements made, nor does it waive my right to appeal. I acknowledge that I have been advised of my rights to submit a rebuttal to any rating, in writing, to my supervisor within the next ten (10) calendar days.

| Employee's Signature | Date |
|---|---|
| Carlos L. Viguera | 8/2/06 |

Comments:

BELLEVUE H. R. DEPT.    Fax:212-562-6187    Aug 27, 2007 02:29pm P049/093

## NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

Bellevue Hospital Center    *(Name of Facility)*

Exhibit A
26 Cont.

## EMPLOYEE PERFORMANCE EVALUATION

| Employee Name - Last, First, Initial | | Employee I.D. No. |
|---|---|---|
| Viguera, Carlos M. | | 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 |

| Title | Date Appointed to Title | Unit |
|---|---|---|
| Senior HCTPA | 3/30/98 | Finance - Internal Audit |

| Period Covered by this Evaluation | Type of Evaluation | |
|---|---|---|
| From: July 1, 2000 | ☐ Promotion | ☑ Annual |
| To: December 7, 2000 | ☐ Probation | ☐ Exit  ☐ |

| Evaluation Prepared By | Title |
|---|---|
| Christopher J. Byrne | Director of Internal Audit |

**JOB ASSIGNMENT:** *(Briefly describe major tasks of employee in order of importance – not more than five items)*

1. Flowchart the Accounting/Operational area under review, prepare functional descrip

2. Prepare/execute steps in the audit program – documenting audit findings, prepare audit workpapers.

3. Make recommendations to improve the Accounting/Operational system.

4. Conduct any other management reviews/Analyses as required.

5. Assists in the production of the Audit Report.

6. Functions as Liaison Between Bellevue Auxiliaries and outside audit firms.

**INSTRUCTIONS:** *In terms of duties listed, please utilize the checklist to appraise the performance of each employee. For each set of items, select the group of words which best describes your judgment of the employee. The employee's overall performance should be considered rather than evaluating on the basis of an isolated incident. Avoid allowing one factor of the employee's performance which may be good to influence another factor which should be improved upon, or one factor which is weak to influence another factor which is good.*

| KNOWLEDGE OF JOB Consider extent of employee's knowledge of current job. Does employee know what to do and why? | Exceptional knowledge /information | X  Knows what to do and how to do it with minimal supervision | Sometimes handicapped by gaps in knowledge /information | Requires help even on routine matters |
|---|---|---|---|---|
| | Comments: | | | |

| QUALITY OF WORK Consider ability to produce work which is of high quality-neat, thorough, regardless of volume. | Moderate amount of work requires re-doing | X  Does complete and accurate job in all respects | Errors/omissions serious and frequent | Work is usually acceptable very few errors/omissions |
|---|---|---|---|---|
| | Comments: | | | |

BELLEVUE H.R. DEPT.    Fax:212-562-518?    Aug 2? 20?? 02:2?pm P04?/063

| QUANTITY OF WORK Consider amount of work produced under normal conditions and extent to which employee meets expected deadlines | Amount of work inadequate | Amount of work completed sometimes below average | [X] Turns out good volume of work | Consistently turns out very large volume of work |
|---|---|---|---|---|

*Exhibit 2?*

*Continu?*

**Comments:**

| RELATIONS WITH PATIENT/PUBLIC Consider whether employee is courteous, sensitive to feelings and interests of patients and/or public | [X] Courteous and responsive to patients and public | Ineffective or inconsiderate in dealing with patients and public | Unusually effective in relations with patients and public | Occasionally tactless or uncooperative |
|---|---|---|---|---|

**Comments:**

| JUDGMENT Consider ability to make decisions and to use resources to best advantage. Does employee know when to seek advice? | Has some difficulty in making necessary and sound judgment | Anticipates problems and independently takes appropriate action | [X] Generally knows what should be done and how to go about it | Makes frequent errors in judgment |
|---|---|---|---|---|

**Comments:**

| ADAPTABILITY Consider the speed with which employee learns and amount of training needed to teach new skills | [X] Receptive to new instructions/ideas and applies them quite quickly | Very slow in grasping new instructions/ideas, even with constant supervision | Experiences some difficulty in grasping new instructions/ideas without follow up | Immediately grasps new instruction/ideas and applies them in work |
|---|---|---|---|---|

**Comments:**

| RELIABILITY Consider ability of employee to get work out, especially under pressure and to follow through to completion | Cannot be relied upon to carry out assignments without constant prodding and checking | [X] Fulfills commitments with normal supervision | Handles even difficult problems with little or no supervision | Occasionally fails to complete assignment Needs direction |
|---|---|---|---|---|

**Comments:**

## ATTENDANCE

Are absences of employee excessive? If yes, indicate the number of times absent in rating period and action has been taken.

No.

Exhibit #2

## PUNCTUALITY

Is employee excessively late? If yes, indicate the number of times late in rating period and what action has been taken.

No.

## SUMMARY

**I.    EVALUATION CHECKLIST**

Yes

( a. Did you consider entire rating period?
( b. Did you consider every task?
( c. Did you determine the most important part of the job and give that greater consideration in evaluating the employee's performance?

**II.    SUMMARY RATING**

In arriving at a summary rating, do not merely add up or average the rating of individual factors. First determine which factors are of the greatest important in performing the duties of the position. Give greater weight these factors in arriving at a summary rating. You may wish to consider factors which have been rated abo Use your ratings of the listed factors as a guide, but consider the overall performance of the employee order to arrive at a summary rating.

☐ Outstanding
☒ Superior
☐ Satisfactory

☐ Needs Improvement

☐ Below Standard

**III.    If evaluation is *Outstanding*, *Needs Improvement* or *Below Standard* state reasons for such rating below. Be specific, giving dates and details wherever possible. In addition to commenting on evaluation factors, cite oth factors as well. (Attach additional sheets if necessary).**

IV. **PLANS FOR IMPROVEMENT**    List specific areas in which development is needed and plans you suggest developing employee.

V.

| Supervisor's Name | Title |
|---|---|
| Christopher J. Byrne | Director of Internal Audit |

Supervisor's Signature _Christopher J. Byrne_

Date 9/17/01

VI. **REVIEWED BY DEPARTMENT HEAD**

Signature

Date

Comments:

VII. **EMPLOYEE**

My signature on this evaluation and any attachments merely indicates that I have read it and have received a complete copy of it. It does not mean that I agree with the statements made nor does it waive my right to appeal. I acknowledge that I have been advised of my rights to submit a rebuttal to any rating, in writing, to my supervisor within the next ten (10) calendar days.

Employee's Signature _Carlos M. Vizquierra_

Date 10/17/01

Comments: The Evaluation Covering the period of December 8, 2000 through June 30, 2001 will be done by the Grant manager & Unit 5 managers. V

NOTE: This was never done formerly by MR B Schraetzen

# NEW YORK CITY HEALTH AND HOSPITALS CORPORATION

# MANAGERIAL PERFORMANCE APPRAISAL

| Employee's Name (Last, First, M.I.) | Social Security Number | Date of Appointment to Title |
|---|---|---|
| VIGUERA, CARLOS M. | 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 | 5/22/89 |

| Title | Department/Unit |
|---|---|
| SENIOR MANAGEMENT CONSULTANT | MIS COST ACCOUNTING SYSTEMS |

| Facility | Type of Evaluation |
|---|---|
| CENTRAL OFFICE | ☒ Annual   ☐ Six Month   ☐ Reevaluation |

| Period Covered | Prepared by | Date |
|---|---|---|
| From: 7/1/89   To: 6/30/90 | KEVIN P. COUGHLIN | 6/12/90 |

## The performance appraisal is divided into the following parts:

Part I — Current Responsibilities
Part II — Supervisory/Managerial Abilities
Part III — Personal Attributes
Part IV — Performance Analysis
Part V — Projected Responsibilities
Part VI — Overall Evaluation

| Ratings | Definitions |
|---|---|
| Outstanding | Performance is noticeably outstanding for this position. Achievements far exceed position's performance objectives. Exceptional contribution made to departmental, divisional, and/or Corporate goals. |
| Superior (Above Standard) | Performance and contributions are above expectancy for this position. Achievements in most cases exceed performance objectives. |
| Satisfactory (Meets Standard) | Performance represents the expected level for this position. Achievements meet performance objectives either fully or with rare exception. |
| Marginal (Below Standard) | Performance is often below expectancy for this position. Results frequently do not meet performance objectives. A reevaluation is required after three months. |
| Unsatisfactory | Performance is consistently below minimal expectancy for this position. |

HHC 96 (R June 89)

3.D

BELLEVUE H. R. DEP'     Fax:212-562-6167     Aug 27 2007 02:30pm P051/063

# PART I — CURRENT RESPONSIBILITIES

*Complete One Page For Each Responsibility.   Attach Additional Pages As Necessary.*

## COMPLETED BY EMPLOYEE

**RESPONSIBILITY:**
Identify a major responsibility.

#27

Analyze Cost Accounting Systems data for operations usefullness and Central Office Cost Accounting Systems unit monitoring of Cost Accounting Systems process.

**ACTIVITIES:**
Identify the specific tasks performed to accomplish the above responsibility.

- Analyzed relationship of Central Office and Facility Indirect expenses allocation by facilities to improve Indirect Expense allocation bases.
- Developed Nursing, Clinics, Inpatient and Ancillary expense breakdown using LOTUS 1-2-3 to perform analysis.
- Developed Direct, Indirect and Total costs per patient discharged by facility.
- Developed total Central Office Indirect Expense $ by facility in relat to number of beds.
- Produced listing of 15 analyses that could be conducted for data useful and Central Office monitoring.

**PROGRESS:** (Check One)

☐ In Progress/On-Going    ☒ Completed    ☐ Withdrawn

**APPROXIMATE PERCENTAGE** of Evaluation Period Spent In Performing These Tasks:  __10__ %

## COMPLETED BY SUPERVISOR/MANAGER

**APPRAISAL:**
Describe the employee's performance in completing the specific tasks associated with this responsibility.

Carlos works diligently on specific analytic projects when they are assigned and, as is the case with a number of the tasks above, has learned to initiate tasks on his own which demonstrate the knowledge he has gained of the system this past year.

**RATING:**

☐ OUTSTANDING   ☒ SUPERIOR (Above Standard)   ☐ SATISFACTORY (Meets Standard)   ☐ MARGINAL (Below Standard)   ☐ UNSATISFACTORY

PAGE 2

## PART I - CURRENT RESPONSIBILITIES

*Complete One Page For Each Responsibility. Attach Additional Pages As Necessary.*

### COMPLETED BY EMPLOYEE

**RESPONSIBILITY:**
Identify a major responsibility.

#27

Participated and Coordinated PADBARS Cost Accounting Implementation Phase.

**ACTIVITIES:**
Identify the specific tasks performed to accomplish the above responsibility.
- Learned the Concepts & Methodology of the entire C.A.S.
- Wrote & made presentation to Mr. Coughlin, Director of CAS about CAS s
- Developed a Gantt chart depicting the CAS Implementation workplan and timetable.
- Made a presentation about implementation guidelines to each acute care facility.
- Followed up closely on the progress of the CAS Implementation at the e acute care facilities & gave special attention to Harlem, Kings County Lincoln, which were back logged on the implementation process.
- Helped with the M&D G/L Allocation by understanding basic concepts obtaining stats & summarizing stats.

**PROGRESS:** (Check One)

☐ In Progress/On-Going    ☒ Completed    ☐ Withdrawn

**APPROXIMATE PERCENTAGE** of Evaluation Period Spent in Performing These Tasks: __70__ %

### COMPLETED BY SUPERVISOR/MANAGER

**APPRAISAL:**
Describe the employee's performance in completing the specific tasks associated with this responsibility.

Carlos is patient and thorough in attending to detailed work assignments such as developing work plans and in coordinating meetings while juggling many players' schedules. He also follows up on individual progress well.

**RATING:**

☐ OUTSTANDING    ☒ SUPERIOR (Above Standard)    ☐ SATISFACTORY (Meets Standard)    ☐ MARGINAL (Below Standard)    ☐ UNSATISFACTORY

BELLEVUE H.R. DEPT.    Fax:212-562-6187    Aug 27 2007 02:31pm  P053/063

# PART I – CURRENT RESPONSIBILITIES

*Complete One Page For Each Responsibility.  Attach Additional Pages As Necessary.*

## COMPLETED BY EMPLOYEE

**RESPONSIBILITY:**
Identify a major responsibility.

#2

Maintain a Cost Accounting System liaison relationship with eleven acute care facilities CAS liaisons in order to maintain the system and continue to provide technical support.

**ACTIVITIES:**
Identify the specific tasks performed to accomplish the above responsibility.

- Coordinate CAS meeting and presentation between Central Office C.A.S. and 11 facilities.
- Continue follow-up to assess C.A.S. situations and provide Cost Analysis Support.
- Apply previous banking liaison experience to the hospital environment.
- Analyze workload and distribute periodical frequency variance report for corrections

**PROGRESS:** (Check One)
☒ In Progress/On-Going    ☐ Completed    ☐ Withdrawn

**APPROXIMATE PERCENTAGE of Evaluation Period Spent In Performing These Tasks:** ___10___ %

## COMPLETED BY SUPERVISOR/MANAGER

**APPRAISAL:**
Describe the employee's performance in completing the specific tasks associated with this responsibility.

*Carlos has established a good working relationships with facility Finance staff who have been assigned to the CAS project and with his co-workers here at Central office. This has helped to keep the project moving foward during this implementation phase.*

**RATING:**
☐ OUTSTANDING    ☒ SUPERIOR (Above Standard)    ☐ SATISFACTORY (Meets Standard)    ☐ MARGINAL (Below Standard)    ☐ UNSATISFACTORY

PAGE 4

BELLEVUE H.R. DEPT.    Fax:212-562-6197    Aug 27 2007 02:31pm P054/063

# PART I — CURRENT RESPONSIBILITIES

*Complete One Page For Each Responsibility.    Attach Additional Pages As Necessary.*

## COMPLETED BY EMPLOYEE

**RESPONSIBILITY:**
Identify a major responsibility.

Improve Cost Accounting System Costing Data.

*Ex. #77*

**ACTIVITIES:**
Identify the specific tasks performed to accomplish the above responsibility.

- Discuss each acute care facility operations with C.A.S. liaisons and personnel to gain understanding of operations and services.
- Determine facility specific problems, and best Cost Accounting technique to be applies, expense allocation bases, etc.
- Disseminate common C.A.S. improvement knowledge among facilities and create a connection among the eleven acute care facilites.

**PROGRESS:** (Check One)
☒ In Progress/On-Going    ☐ Completed    ☐ Withdrawn

**APPROXIMATE PERCENTAGE of Evaluation Period Spent In Performing These Tasks:** ___10___ %

## COMPLETED BY SUPERVISOR/MANAGER

**APPRAISAL:**
Describe the employee's performance in completing the specific tasks associated with this responsibility.

This area of his responsibility continues to be a learning ground for him to become familiar with facility operations — their similaties and differences. Eventually this should help us to improve the quality of the cost data in the system.

**RATING:**
☐ OUTSTANDING    ☐ SUPERIOR (Above Standard)    ☒ SATISFACTORY (Meets Standard)    ☐ MARGINAL (Below Standard)    ☐ UNSATISFACTORY

PAGE 5

BELLEVUE H.R. DEPT    Fax:212-562-6787    Aug 27 2007 02:31pm P055/063

# PART II — SUPERVISORY/MANAGERIAL ABILITIES

| Directions | O U T S T A N D I N G | S U P E R I O R | S A T I S F A C T O R Y | M A R G I N A L | U N S A T I S F A C T O R Y | Comments |
|---|---|---|---|---|---|---|
| Mark the box that most accurately describes the performance of the individual being appraised. Comment where appropriate. For items not relevant to the employee's job, insert 'NA' under comments. | | | Rating | | | Attach additional sheets, if necessary. Reference comments by section. Comments are required for ratings of "Marginal" or "Unsatisfactory." #27 |

**POLICY IMPLEMENTATION**

| | | | | | | |
|---|---|---|---|---|---|---|
| Effective in the application of personnel policies and procedures, performance appraisal programs, employment/promotion practices. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |
| Effective in the management of performance problems, terminations and other issues. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |
| Effective in the application of Corporate and Hospital policies and procedures. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |

**QUALITY OF WORK**

| | | | | | | |
|---|---|---|---|---|---|---|
| Work products are accurate and thorough. | ☐ | ☒ | ☐ | ☐ | ☐ | |

**QUANTITY OF WORK**

| | | | | | | |
|---|---|---|---|---|---|---|
| Volume of work meets performance expectations. Projects and/or responsibilities are completed by deadline. | ☐ | ☒ | ☐ | ☐ | ☐ | |

**JOB KNOWLEDGE**

| | | | | | | |
|---|---|---|---|---|---|---|
| Performance demonstrates acceptable knowledge and ability. Demonstrates good ability to establish and meet goals. Has good understanding of the interrelationship between own unit and other areas. | ☐ | ☒ | ☐ | ☐ | ☐ | |

**DIRECTION/SUPERVISION**

| | | | | | | |
|---|---|---|---|---|---|---|
| Effective in establishing rapport, securing support and influencing others. | ☐ | ☒ | ☐ | ☐ | ☐ | |
| Effective in delegating responsibility, maintaining objectivity and communicating information necessary to complete the job. | ☐ | ☐ | ☒ | ☐ | ☐ | |

**EMPLOYEE MOTIVATION/MORALE**

| | | | | | | |
|---|---|---|---|---|---|---|
| Effective in developing and maintaining an organizational/managerial atmosphere conducive to building motivated and productive employees. Takes specific actions to improve morale. | ☐ | ☐ | ☒ | ☐ | ☐ | |

**SELECTION/DEVELOPMENT**

| | | | | | | |
|---|---|---|---|---|---|---|
| Effective in selecting employees and in assisting them in their current position and in their development for future responsibilities. Includes orientation, training, and career coaching. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |

**AFFIRMATIVE ACTION**

| | | | | | | |
|---|---|---|---|---|---|---|
| Effective in supporting the Corporation's affirmative action goals. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |
| Achieves affirmative action hiring, promotion and development objectives. | ☐ | ☐ | ☐ | ☐ | ☐ | NA |

BELLEVUE H.R. DEPT.    Fax:212-562-5187    Aug 27 2007 02:39:05    P056/063

# PART III — PERSONAL ATTRIBUTES

| Directions | Rating | | | | | Comments |
|---|---|---|---|---|---|---|
| Mark the box most accurately describes the performance of the individual being appraised. Comment where appropriate. For items not relevant to the employee's job, insert "NA" under comments. | OUTSTANDING | SUPERIOR | SATISFACTORY | MARGINAL | UNSATISFACTORY | Attach additional sheets, if necessary. Reference comments by section. Comments are required for ratings of "Marginal" or "Unsatisfactory". |

### INITIATIVE

| Effective in taking action without being told. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### COMMUNICATION

| Effective in using oral and written communications and in keeping others informed. | ☐ | ☐ | ☒ | ☐ | ☐ | |

### DISCRETION

| Effective in the appropriate handling of confidential information. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### ANALYTICAL AGILITY

| Effective in thinking through a problem, and in recognizing, securing and evaluating relevant facts. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### INTERPERSONAL SKILLS

| Effective in relating in an appropriate and productive manner to subordinates, associates, supervisors and others. | ☐ | ☒ | ☐ | ☐ | ☐ | |
| Demonstrates sensitivity to diversity in the workforce, i.e., culture, gender and EEO protected status. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### ABILITY TO WORK UNDER PRESSURE

| Effective in meeting schedules and adapting to change. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### RESPONSIBILITY

| Effective in assuming and carrying out the commitments and obligations of the position. Demonstrates reliability and trustworthiness. | ☒ | ☐ | ☐ | ☐ | ☐ | |

### CREATIVITY

| Effective in generating worthwhile new ideas or techniques which have practical application. | ☐ | ☒ | ☐ | ☐ | ☐ | |

### JUDGMENT

| Effective in making sound conclusions and decisions. | ☐ | ☐ | ☒ | ☐ | ☐ | |

GE 8

BELLEVUE H.R. DEPT.    Fax:212-562-6197    Aug 27 2007 12:12am    P057/063

# PART IV — PERFORMANCE ANALYSIS

## COMPLETED BY SUPERVISOR/MANAGER

Identify employee's principal strengths, skills and abilities.
Comments must be specific and job-related.

— attention to detail
— analytic ability
— effectiveness in working with others.
— willingness to take on additional responsibilities

#27

Identify employee's principal improvement and development needs.
Comments must be specific and job-related.

COMPLETED BY SUPERVISOR/MANAGER

Identify the action plans to address improvement and development needs.

*Attendance at appropriate professional* #27
*seminars: Cost Accounting, Financial*
*Systems, Project Management.*

# PART V — PROJECTED RESPONSIBILITIES

COMPLETED BY SUPERVISOR/MANAGER

Projected responsibilities for evaluation period covered from: 7/1/90 to: 6/30/91
Identify the specific responsibilities or major job duties which will be assigned to the employee for the next evaluation period.

1. *Follow up on progress of 3 facilities still preparing to implement*

2. *Monitor CAS utilization at all 11 acute care facilities*

3. *Discuss reports from system with facility & C.O. users to develop more customized reports to meet users needs.*

4. *Perform variance analysis to highlight exceptions / heals*

5. *Continue to act as liaison for changes and improvements to Costing methodology to reflect facility business practices*

6. *Expand liaison activities to Ambulatory Care facilities.*

## PART VI — OVERALL EVALUATION

### COMPLETED BY SUPERVISOR/MANAGER

**RATING:**
☐ OUTSTANDING  ☒ SUPERIOR (Above Standard)  ☐ SATISFACTORY (Meets Standard)  ☐ MARGINAL (Below Standard)  ☐ UNSATISFACTORY

#27

**JUSTIFICATION FOR OVERALL RATING:** Required for overall rating of "Marginal" or "Unsatisfactory."

Carlos has made a lot of progress since his first six month review. He has become knowledgeable about the system and is able to initiate appropriate analyses and tasks on his own. He has developed an excellent rapport with facility personnel that has certainly had a positive impact in helping our department achieve success during the system implementation phase. As we expand the system's capabilities to the ambulatory care setting, I am sure he will continue to be an asset to the department.

I have reviewed this evaluation and discussed the contents with my supervisor/manager. My signature means that I have been advised of my performance and does not necessarily imply that I agree with the appraisal or the ratings. I understand that I may submit a written rebuttal to my supervisor/manager within the next ten (10) calendar days. My rebuttal will be attached to and retained with this evaluation.

| | Date |
|---|---|
| Employee Signature: | 7/12/90 |
| Supervisor/Manager Signature: | 7/12/90 |
| Reviewer Signature: | 7/19/90 |

**REBUTTAL:** If a rebuttal (HHC 96a) is submitted, the employee shall sign below.

I certify that my rebuttal has been submitted under the guidelines.

| | Date Submitted |
|---|---|
| Employee Signature: | |

PAGE

BELLEVUE H.R. DEPT   FAX 212-562-8747   AUG 08 2007 12:55PM P063/063

*Exhibit #28*

From:        Irene Torres
To:          Viguera, Carlos
Date:        8/7/2006 1:33:56 PM
Subject:     Re: Performance Evaluation

Carlos:
Terry is not involved with this evaluation.   I would suggest you write your rebuttal  and hopefully that will assist your evaluation for this period.  I would recommend that you please work on those areas noted for improvement and that for the next evaluation your rating will improve.  Carlos I look forward to working with you on this project for readmits and I truly feel you will be able to do a great job!

Irene Torres, LCSW "R"
Sr. Associate Executive Director
Division of Case Management
Telephone #(212) 562-6881
Fax #(212-) 562-6785
Torresi@Bellevue.nychhc.org

Exhibit #29

Carlos M. Viguera
1020 Grand Concourse, Apt. 4R
Bronx, NY, 10451
Tel. 917-327-0541
212-562-2253

Metroplus Health Plan, Inc.
Human Resources Department
Employment Manager
160 Water Street, 4th Floor
New York, NY 10038

Dear Sir or Madame:

I would like to apply for the Director of Operations Planning and Services position advertised in the New York Times on Sunday, November 12, 2006.

I have 25 years financial, operations analyses and management experience in the private and public sectors.

Specially relevant is my experience performing operations, productivity, workmeasurement, financial studies, developing and setting productivity standards in the Financial Planning & Control Department of a major NYC Bank.

I also have experience assisting in the management of Health Centers operations and performing operations and financial analyses in the outpatient and inpatient sectors to include the implementation of the outpatient managed care operations, and the development of the former NYC-DOH Communicare clinics and Metroplus managed care contract; performing the entire range of financial functions; implementation of the cost accounting systems in the 11 HHC acute facilities and performing case mix and DRG analyses.

My computer and project management skills will be an Asset.

Attached is copy of my resume for your review.

I thank you for your consideration.

Sincerely,

Carlos M. Viguera

Exhibit #30

May 17, 2006

Carlos M. Viguera
1020 Grand Concourse Apt. 4R
Bronx, NY, 10451
(B) 212-562-2253
(Cell) 917- 327-0541  (H) 718-293-8976

Bellevue Hospital Center
First Ave & 27th Street
New York, NY, 10016

Dear Sir or Madame:

I would like to apply for the Senior Management Consultang position # PSY-5809
advertised in the Job posting # 134/06 for May to May 18,2006.

Especially relevant is my 25 years Financial and Management experience in the private
sector and public sector.

Attached is a copy of my resume for your reviewed.

Thank you for your consideration.

Sincerely,

Carlos M. Viguera

Exhibit #31

January 17, 2007

Carlos M. Viguera
1020 Grand Concourse, Apt. 4R
Bronx, NY, 10451
Tel. 917-327-0541
        212-562-2253

Bellevue Hospital Center
Human Resources Department
Ms. Sara Rodriguez, Assistant Director
462 First Avenue, Room 129
New York, NY 10016

Dear Ms. Rodriguez:

I would like to apply for the Sr. Health Care Program Planner Analyst Position, Ambulatory Care # 3199 position advertised in the Job Posting, January 17, 2007.

I have 25 years Financial, Ambulatory Care Operations and Administration experience in the private and public sectors.

Specially relevant is my experience assisting in the development, implementation, and management of the former NYC-DOH Communicare Health Centers, including the development of PS, OTPS, Revenue budgets and management of the entire financial functions.

My computer and project management skills will be useful in this position.

Attached is copy of my resume for your review.

I thank you for your consideration.

Sincerely,

Carlos M. Viguera

EXHIBIT "G"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CARLOS M. VIGUERA,

                                    Plaintiff,        **ANSWER**

                -against-                             07 Civ. 7227 (AKH)(AJP)

BELLEVUE HOSPITAL CENTER,

                                    Defendant.

------------------------------------------------------------------ X

       Defendant, Bellevue Hospital Center ("Bellevue"), by its attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint,

respectfully alleges as follows:

       1.    Denies the allegations set forth in paragraph "1" of the Complaint, except

admits that plaintiff purports to proceed as set forth therein.

       2.    Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint.

       3.    Denies the allegations set forth in paragraph "3" of the Complaint, except

admits that Bellevue Hospital Center is located at First Avenue and 27th Street, New York, New

York 10016.

       4.    Denies the allegations set forth in paragraph "4" of the Complaint, except

admits that plaintiff purports to proceed as set forth in this paragraph.

       5.    Denies the allegations set forth in paragraph "5" of the Complaint.

       6.    Denies the allegations set forth in paragraph "6" of the Complaint except

denies knowledge or information sufficient to form a belief as to the truth of the allegations

concerning what plaintiff believes.

7.     Denies the allegations set forth in paragraph "6" of the Complaint except admits that plaintiff identifies himself as a "Dominican/Hispanic," male, age 57 years of age.

8.     Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff is employed by the New York City Health and Hospitals Corporation ("HHC"), that he works at Bellevue Hospital Center, the he served in the line of titles Senior Health Care Program Planner/Analyst ("HCPPA"), and respectfully refer the Court to the documents annexed to the Complaint for a complete and accurate statement of their contents.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "9" of the Complaint except admits that a charge of discrimination was filed and affirmatively state that the New York State Division of Human Rights found no probable cause to the charge of discrimination and respectfully refer the Court to a copy of the New York State Division of Human Rights decision which is annexed hereto as Exhibit "A."

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, and respectfully refer the Court to the documents annexed to the Complaint for a complete and accurate statement of their contents and affirmatively state that Plaintiff also filed a charge of discrimination in 2004, that the Equal Employment Opportunity Commission adopted the New York State Division of Human Rights' finding of no probable cause to the charge of discrimination and respectfully refer the Court to a copy of the Equal Employment Opportunity Commission's decision which is annexed hereto as Exhibit "B."

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, and respectfully refer the Court to the documents annexed to the Complaint for a complete and accurate statement of their contents.

### FOR A FIRST DEFENSE:

13.     The Complaint fails to state a claim against upon which relief can be granted.

### FOR A SECOND DEFENSE:

14.     This Court lacks jurisdiction, in whole or in part, over the Complaint.

### FOR A THIRD DEFENSE:

15.     The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE:

16.     The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

### FOR AN FIFTH DEFENSE:

17.     Bellevue Hospital Center is not a suable entity.

### FOR A SIXTH DEFENSE

18.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

### FOR A SEVENTH DEFENSE

19.     Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior.

20.     Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer to its employees or to otherwise avoid harm.

- 3 -

### FOR AN EIGHTH DEFENSE

21.    Defendant is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742, 754 (1998).

### FOR A NINTH DEFENSE:

22.    The Complaint is barred in whole or in part, by the doctrines of issue preclusion, claim preclusion, judicial estoppel or any combination of the doctrines.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying all relief requested therein, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
         October 22, 2007

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-316
New York, New York 10007-2601
(212) 788-1202

By: _____
         Alan M. Schlesinger
         Assistant Corporation Counsel

To:    **CARLOS M. VIGUERA**
       Plaintiff *Pro-Se*
       1020 Grand Concourse, Apt. 4R
       Bronx, NY 10451

- 4 -

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

                                    Complainant

                    v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAL RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN  (DIRECTOR)
AS AIDER AND ABETTORS

                                    Respondent

Federal Charge No. 16GA409174

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.  This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner.  On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera v. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz. Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section. The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz. The complainant's view that this was done to sexually
harass him is not supported by the evidence. Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment. Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems. The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment. A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back. Again, this occurred in his office
were there were no witnesses to the alleged act. The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges. The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance. During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work. Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not. This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant. Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.


The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination. A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10468. DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks
state judicial review and who receives an adverse decision
therein, may lose his or her right to proceed subsequently in
federal court by virtue of Kremer v. Chemical Construction Co.,
456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil
Rights Act of 1964. Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity
Commission (EEOC). You have the right to request a review by
EEOC of this action. To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112. Otherwise, EEOC will
generally adopt our action in your case.

Dated: 3/31/06
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Joyce Yearwood-Drury
Director O.S.H.I.

Page 4 of 4

STATE OF NEW YORK: EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
9S-E-OS-04-7943982-E

```
+-------------------------------------------------------+
| (State Division of Human Rights on the Complaint of)  |
|                                                       |
| Carlos M. Viguera                      COMPLAINANT    |
|                                                       |
|           - against -                                 |
|                                                       |
| N.Y.C. Health and Hospitals            RESPONDENT     |
| Corporation, Bellevue Hospital Cente                  |
| and Maria del Pilal Ruiz                              |
| (Coordinating Manager) and Edie                       |
| Coleman  (Director) as Aider and                      |
| Abettors                                              |
+-------------------------------------------------------+
```

TITLE VII:  Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020  Grand Concourse,  Bronx, NY
10460,  Tel.  No. (718)  293-8976, (718) - charge  the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212)  562-6227 with  an unlawful  discriminatory practice
relating to Employment in violation of Article 15 of  the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

   **The particulars are:**

1.    I am male, I was sexually harassed and I was discriminated
because I Opposed Discrimination.

2.    I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3.    On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4.    On January 15, 2004, I was in the restroom undressed, doing my
personal need, and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms Coleman about Ms Ruiz sexual behaviors to no avail. I do not know how Ms Ruiz managed to open the door from the outside. However, the door could be easily open from the outside with a coin.

5.    Since I complained to Ms Coleman about Ms Ruiz sexual behaviors, Ms Ruiz began to question the quality of my daily work production. I never have problems with my work performance in the past. I believe that the sole reason why Mr Ruiz is attacking my work performance is because I objected to her sexual advances.

6.    Based on the foregoing, I charge the above named respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because I Opposed discrimination and Sex in violation of the New York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

_____
(Signature of Complainant)

STATE OF NEW YORK        )  §:
COUNTY OF Kings          )

Carlos M. Viguera, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

EEOC Form 161 (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Carlos M. Viguera                              From:   New York District Office - 520
     1020 Grand Concourse                                   33 Whitehall Street
     Bronx, NY 10460                                        5th Floor
                                                            New York, NY 10004

☐       On behalf of person(s) aggrieved whose identity is
        CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2004-09174 | Holly M. Woodyard, Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Spencer H. Lewis, Jr.,_               5/23/06
Director                               (Date Mailed)

cc:   N.Y.C. HEALTH AND HOSPITALS CORP
      125 Worth St
      Attn: Shirley Facey
      New York, NY 10016

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

CARLOS M. VIGUERA

                                    Complainant

                        v.

N.Y.C. HEALTH AND HOSPITALS
CORPORATION, BELLEVUE HOSPITAL CENTER
AND MARIA DEL PILAR RUIZ (COORDINATING
MANAGER) AND EDIE COLEMAN   (DIRECTOR)
AS AIDER AND ABETTORS

                                    Respondent

Federal Charge No. 16GA409174

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
7943982

On 1/30/2004, Carlos M. Viguera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of sex, opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division of Human Rights has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of.  This determination is based on the following:

The Complainant, a male Program Planning Analyst since May 1989, alleges that he was sexually harassed by one female manager during his employment. Complainant alleges that since January 2003, Ms. Maria Del Pilar Ruiz would ask him to go to her home to eat salmon, she asked him to wait for him after work to socialize, would stand next to him and move her body in a provocative manner.  On January 2004, he was in the restroom undressed taking care of his personal needs when Ms. Ruiz opened the door of the restroom and entered inside to call him for performance evaluation session with Director Coleman. He complained to Ms. Coleman about Ruiz's sexual behaviors to no avail. Complainant claims after he complained to Ms. Coleman about the sexual harassment, Ms. Ruiz would question the quality of his work, when previously she had no problem. Ms. Ruiz also physically assaulted Complainant by punching his back at work.

Page 1 of 4

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman  (Director) As Aider And Abettors

Respondent denies Complainant claims of sexual harassment and
retaliation and avers that its treatment of the Complainant is
due to lawful business related issues.

The evidence gathered during the course of the investigation of
the instant complaint is not sufficient to support the
complainant's allegations that he was sexually harassed and
retaliated against for complaining.

The complainant mentions various incidents that he claims are
evidence of this alleged sexual harassment by Ms. Ruiz.  Even
assuming arguendo that the various alleged incidents mentioned
above did occur as indicated by the complainant, they do not
constitute severe and pervasive behavior and therefore do not
rise to the level required by the statute.

The investigation revealed no information to support that other
allegations of sexual harassment other that the incident when
the alleged harasser went into the bathroom to find complainant.
The evidence shows that the bathroom in question is a unisex
bathroom used by all employees in the section.  The evidence
gathered suggests that at the time of the incident, the alleged
harasser was looking for the complainant to remind him of a
meeting were his performance was being reviewed by Ms Coleman
and Ruiz.  The complainant's view that this was done to sexually
harass him is not supported by the evidence.  Complainant also
alleges that on one occasion, Ms Ruiz entered his office and
"moved her body in a provocative manner" as further evidence of
this alleged sexual harassment. This occurred within the
confines of the complainant's office and there are no witnesses
to this alleged conduct. The complainant continues by alleging
that Ms. Ruiz invited him to her house to "eat salmon" as
further evidence of this sexual harassment.  Ms. Ruiz explained
that on one occasion when she was having lunch with the
complainant, he ordered salmon and she then told him that she
did not eat salmon unless she cooked it herself and that one day
she would cook it at her home and invite the complainant to try
it.

The record shows that prior to the complainant filing the
instant complaint alleging sexual harassment he was already
having performance problems.  The record also shows that prior
to the instant complaint and after the acts of sexual harassment
are alleged to have occurred; the complainant filed a

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

discrimination complaint charging the same individuals with
discriminating against him because of his age, sex, national
origin, race and retaliation for filing an internal complaint.
In his initial complaint, the complainant did not mention sexual
harassment. A reasonable person may be obligated to conclude
that it is highly improbable that someone asserting all these
named bases would fail to include sexual harassment.
Complainant's explanation that he was afraid that no one would
believe him because he is a man; the record support that the
complainant is very vocal when defending what he believes are
wrongs done to him.

The complainant also charges that Ms. Ruiz "punched" him either
in his ribs or his back. Again, this occurred in his office
were there were no witnesses to the alleged act. The record
shows that after this alleged incident, the complainant summoned
the police who declined to pursue the charges. The complainant
then filed a complaint against the police officer with the
Civilian Review Board.

The record also shows that the complainant was previously
suspended for performance issues and this suspension was upheld
by the trier of facts in a Step II grievance. During the
hearing there was testimony to the effect that others had to
complete some of the complainant's work. Witness Yesenia Torres
admitted that she was given some of complainant's work to finish
when the complainant could not. This witness also stated that
the complainant had confided to her that he thought that Ms.
Ruiz "like him more than as a friend." Although the complainant
appears to allege that he did not, the evidence adduced support
that prior to Ms Ruiz being promoted, they would socialize by
going out to lunch together. The witness also stated that the
complainant was not an accountant, but an auditor and when he
was transfer too the unit he did not have accounting experience.

The respondent has advanced non-discriminatory, business related
reasons for the actions taken against the complainant. Such
reason is not found to be a pretext for the respondent to
discriminate against the complainant. The Complainant continues
to work for the respondent.


    The complaint is therefore ordered dismissed and the file
is closed.

Determination: Dismissal No Probable Cause
SDHR Case No. 7943982
Carlos M. Viguera V. N.Y.C. Health And Hospitals Corporation, Bellevue
Hospital Center And Maria Del Pilal Ruiz (Coordinating Manager) And Edie
Coleman (Director) As Aider And Abettors

PLEASE TAKE NOTICE that any party to this proceeding may
appeal this Determination to the New York State Supreme Court in
the County wherein the alleged unlawful discriminatory practice
took place by filing directly with such court a Notice of
Petition and Petition within sixty (60) days after service of
this Determination. A copy of this Notice and Petition must
also be served on all parties including General Counsel, State
Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx,
New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION
WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks
state judicial review and who receives an adverse decision
therein, may lose his or her right to proceed subsequently in
federal court by virtue of Kremer v. Chemical Construction Co.,
456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil
Rights Act of 1964. Enforcement of the aforementioned law(s) is
the responsibility of the U.S. Equal Employment Opportunity
Commission (EEOC). You have the right to request a review by
EEOC of this action. To secure review, you must request it in
writing, within 15 days of your receipt of this letter, by
writing to EEOC, New York District Office, 33 Whitehall Street,
5th Floor, New York, New York 10004-2112. Otherwise, EEOC will
generally adopt our action in your case.

Dated: 3/3/06
       Brooklyn, New York

                    STATE DIVISION OF HUMAN RIGHTS


            By: _____
                Joyce Yearwood-Drury
                Director O.S.H.I.

STATE OF NEW YORK : EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR NO:
9S-E-OS-04-7943982-E

+-------------------------------------------------------+
| (State Division of Human Rights on the Complaint of)  |
|                                                       |
| Carlos M. Viguera                    COMPLAINANT      |
|                                                       |
|            - against -                                |
|                                                       |
| N.Y.C. Health and Hospitals          RESPONDENT       |
| Corporation, Bellevue Hospital Cente                  |
| and Maria del Pilal Ruiz                              |
| (Coordinating Manager) and Edie                       |
| Coleman  (Director) as Aider and                      |
| Abettors                                              |
+-------------------------------------------------------+

TITLE VII:  Federal Charge No: 16GA409174

I, Carlos M. Viguera, residing at 1020  Grand Concourse,  Bronx, NY
10460,  Tel.  No. (718)  293-8976, (718) - charge  the above-named
respondent whose address is First Ave & 27 th St New York, NY 10016
Tel. No. (212)  562-6227 with  an unlawful  discriminatory practice
relating to Employment in violation of Article 15 of  the Executive
Law of the State of New York (Human Rights Law) because of Opposing
Discrimination and Sex.

Date most recent or continuing discrimination
took place 01/29/04.

   **The particulars are:**

1.   I am male, I was sexually harassed and I was discriminated
because f Opposed Discrimination.

2.   I worke for the Respondent Sr. Health Care Program Planning
Analyst from May 1989 to Present. My time and attendance as well as
my work performance were satisfactory.

3.   On or about January 2003 and thereafter, Respondent's
Coordinator Manager Maria del Pilar Ruiz began to sexually harass
me. The sexual harassment includes but was not limited to
Respondent's Coordinator Ruiz would ask me to go to her home to eat
salmon, she ask me to wait for her after works to socialize. She
would stand next to me and move her body in a provocative manner.
I tried to ignore her for the longest just because she was my boss.

4.   On January 15, 2004, I was in the restroom undressed, doing my
personal need, and Ms Ruiz, opened the door of the restroom and
entered inside to call me for performance evaluation session with

Complaint: Title VII (INT.2) (1 of 2)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

Edie Coleman, Director of Grants Reporting Unit. I complained to Ms Coleman about Ms Ruiz sexual behaviors to no avail. I do not know how Ms Ruiz managed to open the door from the outside. However, the door could be easily open from the outside with a coin.

5.   Since I complained to Ms Coleman about Ms Ruiz sexual behaviors, Ms Ruiz began to question the quality of my daily work production. I never have problems with my work performance in the past. I believe that the sole reason why Mr Ruiz is attacking my work performance is because I objected to her sexual advances.

6.   Based on the foregoing, I charge the above named respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because I Opposed discrimination and Sex in violation of the New York Human Rights Law, Section 296.

Complaint: Title VII (INT.2) (Supplemental)
/rga
01/30/04

SDHR NO: 9S-E-OS-04-7943982-E          FEDERAL CHARGE NO: 16GA409174

" I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to the statutory limitations contained in Title VII.

_____
(Signature of Complainant)

STATE OF NEW YORK        )  §:
COUNTY OF Kings          )

Carlos M. Viguera, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
(Signature of Complainant)

Subscribed and sworn to before me
this 30th day of January, 2004

_____
(Signature of Notary Public)

2007

Complaint: Title VII (INT.2) (2 of 2)
/rga
01/30/04

## DECLARATION OF SERVICE

I, **KAMI Z. BARKER**, declare pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that today, I served the annexed Answer & Exhibits upon:

**CARLOS M. VIGUERA**
Plaintiff *Pro-Se*
1020 Grand Concourse, Apt. 4R
Bronx, NY 10451

said address(es) being designated by those attorneys for service, by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

Dated:       New York, New York
             October 22, 2007

KAMI Z. BARKER

07 Civ. 7227(AKH)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS M. VIGUERA,

                                          Plaintiff,

                    -against-

BELLEVUE HOSPITAL CENTER,

                                          Defendant.

## ANSWER

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:    Alan M. Schlesinger

                    Kami Barker
                    (Awaiting Admission)
Tel:            (212) 788-8688

Matter No.: 2007-027449

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y. .................................., 2007

Signed: ...................................................

Attorney for.............................................

EXHIBIT "H"

ROOSEVELT SEYMOUR
*Attorney for Plaintiff*
175 Remsen Street, Suite 602
Brooklyn, New York 11201
(718) 802-0055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARLOS VIGUERA,

                    Plaintiff,                    07 Civ. 7227 (AKH) (AJP)

        -against-                                 **PLAINTIFF'S INITIAL**
                                                  **DISCLOSURE PURSUANT**
                                                  **TO RULE 26(A)(1) OF THE**
                                                  **FEDERAL RULES OF**
                                                  **CIVIL PROCEDURE**

BELLEVUE HOSPITAL,

                    Defendants.
-----------------------------------------------------------x

Plaintiff Carlos Viguera, by his attorney ROOSEVELT SEYMOUR, hereby

provides defendant with initial disclosure pursuant to Federal Rules of Civil Procedure

26(a) (1) as follows:

        (A)   The name, and if known, the address and telephone number of each

individual likely to have discoverable information that the disclosing party may use to

support its claims or defenses, unless solely for impeachment, identifying the subject of

information.

        Response. a) Harry Blum, employee of New York City Health and Hospital

Corporation. Current resent address unknown. Telephone number,646) 456-4918. Mr.

Blum was present when Ana Blanco made allusions to the size of Mr. Viguera's penis.

b) Ralph Hernandez, an interpreter employed by HHC witnessed plaintiff performing menial duties as a Patient Navigator. Plaintiff is currently unaware of the address and telephone number of Mr. Hernandez.

(B) Copy of or a description by category and location of all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use support its claims or defenses, unless solely for impeachment.

Response. See documents enclosed herewith. Plaintiff is also in possession of cell phone containing text messages from Ana Blanco, which is available for inspection.

C) Computation of any category of damages claimed by the disclosing parties, making available for inspection and copying as under Rule 34 the document or other evidentiary material, not privileged or protected from disclosure, on which computation is based, including materials bearing on the nature and extent of injuries.

Response. Plaintiff has not made specific calculations of damages at this time but will provide the information when all medical documentation become available.

(D ) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

Response. This provision of Rule 26(a)(1) does not apply to the plaintiff.

Dated:  New York, New York
        January 31, 2008

                                        _____
                                        ROOSEVELT SEYMOUR
                                        *Attorney for Plaintiff*
                                        175 Remsen Street, Suite 602
                                        Brooklyn, New York 11201
                                        (718) 802-0055

To:  Kami Barker, Esq.
     The New York City Law Department
     100 Church Street
     New York, New York 10007

**From:** Ana Blanco
**To:** Carlos Viguera; Elvis Marte; Heidy Delacruz; Jacqueline Ventura; Marielle Mehu; Marta Herrera; Micheal Irizabal; Mirian Villar
**Date:** 7/11/2007 1:21:49 PM
**Subject:** Fwd: Hi

Ana Blanco
Bellevue Hospital Center
Phone 212-562-2404
Fax 212-562-5008
Email:Ana.Blanco@Bellevue.nychhc.org

>>> Aaron Bryant 7/11/2007 12:23 PM >>>
How are U today , Did you go walking at the track yesterday?

P O06

The young man opens the door and the old lady hands him the money. The boy, touched, gives her a kiss and after counting the money tells her:

It's 100$, so you wanna do it in bed?





Not long after that, an old woman walks by his door...

She stops to read the sign, and then thoughtful goes back home... There she decides to break her piggy bank and take the few savings she had left...



And with the money in her hand she heads for the young man's apartment

Knock knock...

P O10



P OII

Ana Blanco
Coordinating Manager
Bellevue Hospital Center
Phone 212-562-2404
Fax 212-562-5008
Email:Ana.Blanco@Bellevue.nychhc.org

>>> Yeniber Blanco <dabklynmami1729@yahoo.com> 8/4/2007 10:38 PM >>>

Park yourself in front of a world of choices in alternative vehicles.
Visit the Yahoo! Auto Green Center.

P O12

**Ana Blanco**
**Coordinating Manager**
**Bellevue Hospital Center**
**Phone 212-562-2404**
**Fax 212-562-5008**
Email:Ana.Blanco@Bellevue.nychhc.org

>>> Yeniber Blanco <dabklynmami1729@yahoo.com> 8/5/2007 1:33 PM >>>

Fussy? Opinionated? Impossible to please? Perfect. Join Yahoo!'s user panel and lay it on us.

P O13



P 014



P O15

**From:**     Ana Blanco
**To:**       Carlos Viguera
**Date:**     8/27/2007 10:03:58 AM
**Subject:**  Fwd: FW: Cuidado Con El SIDA- Imagenes Muy Fuertes¡¡

**Ana Blanco**
**Coordinating Manager**
**Bellevue Hospital Center**
**Phone 212-562-2404**
**Fax 212-562-5008**
**Email:** Ana.Blanco@Bellevue.nychhc.org

>>> "BELICA DEL CARMEN ROMANO ESPINAL" <laromantica55@hotmail.com> 8/25/2007 9:59 AM
>>>

From: "la beba28 preciosa" <jclove1128@hotmail.com>
To: albertoflash@aol.com, belicaromano@hotmail.com, boxinggirl27@hotmail.com,
chiqua79@hotmail.com, crespok08@hotmail.com, cyndom09@hotmail.com,
dominican_qtee@hotmail.com, ernestoandyou@hotmail.com, gvaidez74@hotmail.com,
jackelineestevez@hotmail.com, janiel_189@hotmail.com, jenniespinal@hotmail.com,
jessicadmorales@hotmail.com, jomilopez17@hotmail.com, katiusca@msn.com,
la_Rusasexy@hotmail.com, laromantica55@hotmail.com, ieniniopeza@hotmail.com,
lucy1345@hotmail.com, maribella_lopez@hotmail.com, mayomba@hotmail.com,
nelsoncastro@hotmail.com, rafael29matos@yahoo.com, xptron@msn.com, Hupevice@yahoo.com,
sexybarbie9090@hotmail.com, spo172@hotmail.com, yaniel_fermin@hotmail.com,
vapor01@hotmail.com
Subject: FW: Cuidado Con El SIDA- Imagenes Muy Fuertes¡¡
Date: Thu, 23 Aug 2007 13:45:27 -0500
>
>
>
>>From: Sally Vittini <svittini@hotmail.com>
>>To: <jclove1128@hotmail.com>
>>Subject: FW: Cuidado Con El SIDA- Imagenes Muy Fuertes¡¡
>>Date: Wed, 22 Aug 2007 20:58:31 +0000
>>
>>
>>
>>From: jennydepalma@hotmail.comTo: arelisantigua@hotmail.com;
>>marlenedeespallat@hotmail.com; ioana2000@hotmail.com;
>>Kismely@hotmail.com; la3menda_pri@hotmail.com;
>>tata92387@hotmail.com; negryxo@hotmail.com; nery_09@hotmail.com;
>>mamitax@hotmail.com; laura_santana86@hotmail.com;
>>joymasantana@aol.com; neely_@hotmail.com; twinsgirl@hotmail.com;
>>svittini@hotmail.com; viyonick@hotmail.comSubject: FW: Cuidado Con
>>El SIDA- Imagenes Muy Fuertes¡¡Date: Mon, 6 Aug 2007 17:17:26 -0400
>>  >From: "SORA GRULLen" <sor37@hotmail.com>>>To:
>>aisabelmoreta@hotmail.com, asle16@hotmail.com,
>>bembaloca@hotmail.com, >franchesca_catalino@hotmail.com,

P O16

COLOMBIA PASO COMO EL 1er
PAIS CON UN OCURENC DE TRANSMISION SEXUAL QUE SUPERA A
BRASIL....

- LA UNICA FORMA DE PREVENIRLAS ES EDUCANDO Y MOSTRANDO LO DOLOROSO QUE DEBE SER CAER EN ESTE ESTADO EN QUE SE EXTINGUE LA VIDA EN FORMA LENTA Y SIN NINGUNA ESPERANZA DE REACERLA NUEVAMMENTE.

- REFLEXIONEN SOBRE ESTAS INFECCIONES DE TRANSMISION SEXUAL.

P 017



Tertiary syphilis: Gumma of the penis. A. Wisdom, Color Atlas of Venereology, 1973.

Multiple sebaceous cysts of the scrotum. A. Wisdom, Color Atlas of Venereology, 1973

- Si no puede tener una persona estable entonces NO PRACTIQUE MAS SEXO CON NADIE Y MASTURBESE QUE ES MAS SANO
- Tu Vida esta pendiente de tus decisiones.
- Tú tomas lo que quieres y eres libre de hacerlo.
- SI AUN NO ENTIENDES
- Entonces a la vuelta te estaré esperando porque yo soy tu fin sexual
- tu  SIDA
- tu muerte
- tu
- FIN
- *Y no pidas misericordia al final*
- *Porque seré implacable.*

P O19

# SI D A

- Si no entiende las cosas de vida aun con sus peligros y acechos entonces les muy bien para que entienda mejor.

1. ¿Le gusta tener sexo SIN PROTECCION porque usted demanda que ASI se siente mejor?

2. ¿Desde que comenzó su actividad sexual usted ha tenido sexo hasta la fecha con mas de 10 personas diferentes?

3. ¿Le gusta las relaciones accidentales inspiradas por química y atracción fatal?

4. ¿Le gusta dar el sexo oral sin preocuparse?

5. Si usted contestara Si a cualquiera de estos - entonces tiene que ser probado para STD y el SIDA, pues es posible que si usted no se cuido pueda ser portador y no se de cuenta que ya esta infectado y no se le note o presente sintomatología alguna.

- Herpes. Los sintomas comienzan con el cosquilleo o la picadura alrededor de sus genitales. Las ampollas pueden formarse en el área y luego reventar abierto. Cuando esto pasa, usted podria sentir quema orinando, después da vuelta a costras. Durante El primer brote, usted podria haber aumentado glándulas, la fiebre y dolores de cuerpo. Pero algunas personas no tienen tales sintomas obvios. Los brotes pueden ocurrir para el resto de su vida, pero por lo general tienden a hacerse menos frecuentes y menos dolorosos con el tiempo.

Genital herpes in the male.

P O21



- Sífilis. Temprano los signos incluyen un chancro (rojo dolorido). Aparece donde le tocaron durante el sexo, incluyendo sus genitales, ano, lengua y garganta. Las glándulas cerca del chancro pueden hincharse. Unos meses más tarde, usted puede tener una fiebre, el dolor de garganta, y el dolor de cabeza, no tiene hambre o tiene en la unión dolor. Una erupción escamosa puede aparecer sobre las palmas de sus manos y de sus pies. Después de este pase de síntomas, puede no tenerlos por varios años. Cuando vuelven los síntomas, las infecciones pueden afectar el cerebro, médula espinal, piel y hueso.

P O22



Purulent urethral discharge in gonorrhea.

- son ambas bacterias. Los sintomas de gonorrea y Chlamydia son muy similares. Los hombres y mujeres a menudo se quejan de una descarga, la urinación frecuente, o la quema cuando ellos orinan. En la gonorrea la descarga es a menudo blanca, en chlamydia la descarga es por lo general clara. Muy a menudo la gente no puede tener ningunos sintomas! Tanto la gonorrea como chlamydia son extendidos por contacto que entra con la descarga. Si una mujer no es tratada para ninguna de estas enfermedades, esto podria conducir a una infección severa en ella, que podrian causar la infertilidad

P O23



- son causadas por un virus llamado el Virus de Papilloma Humano. Las verrugas pueden ser quitadas, pero la persona tendrá el virus para el resto su vida. Esto es muy común, las verrugas pueden reaparecer después de que han sido quitadas. Esta enfermedad es extendida entrando en el contacto con la verruga, pero a menudo las verrugas no son fácilmente visibles.



- Esta mujer no está embarazada Ella tiene la hepatitis la B y sufre del cáncer de hígado ( La esperanza de la vida media después del diagnóstico de cáncer de hígado es 6 meses) la Hepatitis B. se transmite por contacto sexual . Los síntomas pueden incluir el Dolores musculares, fiebre, cansancio, pérdida de apetito, dolor de cabeza y vértigo, cuando la enfermedad empeora, usted puede tener la orina oscura, taburetes flojos, de color claro, Ojos amarillos y piel, y dolor en el área de hígado (solamente(justo) debajo de las costillas sobre el lado derecho). La Hepatitis B puede ser fatal si esto conduce al fracaso de hígado produce Cancer de hígado.

P 025



Secondary syphilis: Perianal condylomata lata.
A. Wisdom. Color Atlas of Venereology. 1973.

Lymphogranuloma venereum.
Esthiomene, showing edema
and chronic ulcerations.

P 026



Secondary syphilis: Oral lesions.
A. Wisdom. Color Atlas of Venereology. 1973.



Secondary syphilis: Gross condylomata lata of the vulva and perianal region.
A. Wisdom. Color Atlas of Venereology. 1973.

Flat condylomas on the vulva of a woman with secondary syphilis.



Secondary Syphilis, Gross presentation of lesions on the skin

P  O29



Email on the Web

Print Photo  |  Close



P O30