UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

CARLOS M. VIGUERA,

                                  Plaintiff,

               -against-

THE NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION,

                               Defendant.

-------------------------------------------------------------------- X

**ANSWER TO**
**AMENDED COMPLAINT**

07 Civ. 7227 (AKH)(AJP)

         Defendant, The New York City Health and Hospital Corporation ("HHC"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Amended Complaint, respectfully alleges as follows:

         1.      Denies the allegations set forth in paragraph "1," of the Amended Complaint, except admits that plaintiff purports to proceed as set forth in this pargraph.

         2.      Denies the allegations set forth in paragraph "2," of the Amended Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction in this paragraph.

         3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3," of the Amended Complaint.

         4.      Denies the allegations set forth in paragraph "4," of the Amended Complaint, except admits that HHC is a public benefit corporation, that it was created by a duly enacted statute, and that HHC operates, in whole or in part, certain health care facilities in the City of New York.

5.    Denies the allegations set forth in paragraph "5," of the Amended Complaint, except admits that plaintiff currently holds the civil service title of Senior Health Care Program Planning Analyst.

6.    Denies the allegations set forth in paragraph "6," of the Amended Complaint, except admits that in 2001, plaintiff was assigned to Bellevue Hospital's Department of Finance.

7.    Denies the allegations set forth in paragraph "7," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's education and private sector work experience.

8.    Denies the allegations set forth in paragraph "8," of the Amended Complaint, except admits that in 2004, a charge of discrimination was filed and that in that charge plaintiff was the complaining party.

9.    Denies the allegations set forth in paragraph "9," of the Amended Complaint, except admits that plaintiff was reassigned to Bellevue Hospital's Business Development Department in 2004.

10.    Denies the allegations set forth in paragraph "10," of the Amended Complaint, except admits that in 2006 plaintiff was assigned to Bellevue Hospital's Cultural Competency Department.

11.    Denies the allegations set forth in paragraph "11," of the Amended Complaint.

12.    Denies the allegations set forth in paragraph "12," of the Amended Complaint.

13.    Denies the allegations set forth in paragraph "13," of the Amended Complaint, except admits that Irene Quinones is the Senior Associate Director of Bellevue Hospital's Cultural Competency Department and that plaintiff reported to Ms. Quinones.

14.    Denies the allegations set forth in paragraph "14," of the Amended Complaint.

15.    Denies the allegations set forth in paragraph "15," of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ana Blanco's education.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16," of the Amended Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17," of the Amended Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18," of the Amended Complaint, except admit that Defendant was served with the Amended Complaint on March 27, 2008.

19.    In response to paragraph "19," of the Amended Complaint, Served Defendant repeats and re-alleges their responses to paragraphs "1," through "18," of the Complaint as if fully set forth here.

20.    Denies the allegations set forth in paragraph "20," of the Amended Complaint.

21.    Denies the allegations set forth in paragraph "21," of the Amended Complaint.

22.     In response to paragraph "22," of the Amended Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "19," of the Complaint as if fully set forth here.

23.     Denies the allegations set forth in paragraph "23," of the Amended Complaint.

24.     Denies the allegations set forth in paragraph "24," of the Amended Complaint.

25.     In response to paragraph "25," of the Amended Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "18," of the Complaint as if fully set forth here.

26.     Denies the allegations set forth in paragraph "26," of the Amended Complaint.

27.     Denies the allegations set forth in paragraph "27," of the Amended Complaint.

28.     In response to paragraph "28," of the Amended Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "18," of the Complaint as if fully set forth here.

29.     Denies the allegations set forth in paragraph "29," of the Amended Complaint.

30.     Denies the allegations set forth in paragraph "30," of the Amended Complaint.

31.    In response to paragraph "31," of the Amended Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "18," of the Complaint as if fully set forth here.

32.    Denies the allegations set forth in paragraph "32," of the Amended Complaint.

33.    Denies the allegations set forth in paragraph "33," of the Amended Complaint.

34.    In response to paragraph "34," of the Amended Complaint, Served Defendants repeat and re-allege their responses to paragraphs "1," through "18," of the Complaint as if fully set forth here.

35.    Denies the allegations set forth in paragraph "35," of the Amended Complaint.

36.    Denies the allegations set forth in paragraph "36," of the Amended Complaint.

## FOR A FIRST DEFENSE:

37.    The Amended Complaint fails to state a claim against upon which relief can be granted.

## FOR A SECOND DEFENSE:

38.    This Court lacks jurisdiction, in whole or in part, over the Amended Complaint.

## FOR A THIRD DEFENSE:

39.    The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

- 5 -

## FOR A FOURTH DEFENSE:

40.     The Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

## FOR AN FIFTH DEFENSE:

41.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

## FOR A SIXTH DEFENSE

42.     Defendant exercised reasonable care to prevent and promptly eliminate any harassing behavior.

43.     Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer to its employees or to otherwise avoid harm.

## FOR AN SEVENTH DEFENSE

44.     Defendant is not liable under cases such as <u>Faragher v. Boca Raton</u>, 524 U.S. 775 (1998) and <u>Burlington Industries v. Ellerth</u>, 524 U.S. 742, 754 (1998).

## FOR AN EIGHTH DEFENSE:

45.     The Amended Complaint is barred in whole or in part, by the doctrines of issue preclusion, claim preclusion, judicial estoppel or any combination of the doctrines.

**WHEREFORE,** defendant requests judgment dismissing the Amended Complaint and denying all relief requested therein, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           April 17, 2008

Respectfully Submitted,

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for the Defendant
100 Church Street, Room 2-316
New York, New York  10007-2601
(212) 788-1202
kbarker@law.nyc.gov

By: _____
                Karni Z. Barker
          Assistant Corporation Counsel

To:   **ROOSEVELT SEYMOUR**
      Attorney for Plaintiff
      175 Remsen Street, Suite 602
      Brooklyn, NY 11202

07 Civ. 7227(AKH)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS M. VIGUERA,

Plaintiff,

-against-

THE NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION,

Defendant.

## ANSWER TO AMENDED COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
100 Church Street, Room 2-316
New York, N.Y. 10007-2601

Of Counsel:    Kami Z. Barker

Tel:    (212) 788-1202

Matter No.: 2007-027449

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y. .......................... 2008

Signed: ........................................

Attorney for........................................